COMMONWEALTH of Pennsylvania

v.

**Richard Allen RATUSHNY, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 18, 2010.
Filed April 6, 2011.

---

**2.** That evidence was suppressed.

Robert E. Goldman, Fountainville and Stuart M. Wilder, Doylestown, for appellant.

Patricia C. Broscius, Assistant District Attorney, Easton, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., FREEDBERG AND COLVILLE,* JJ.

OPINION BY FORD ELLIOTT, P.J.:

Richard Allen Ratushny appeals from the judgment of sentence of September 18, 2009, following his conviction of one count each of aggravated indecent assault, unlawful contact with a minor, endangering the welfare of children, corruption of minors, and indecent assault. The charges related to appellant's sexual abuse of his girlfriend's daughter, T.H.[1] Prior to sentencing, appellant was found to meet the statutory criteria for sexually violent predator ("SVP") status under Megan's Law.[2] On appeal, appellant challenges the SVP determination, as well as the discretionary aspects of his sentence. After careful review, we affirm.

Following a jury trial held March 10–13, 2009, appellant was found guilty of the above charges. Appellant was found not guilty of other charges, including those relating to allegations involving T.H.'s younger sister, A.H. A two-part SVP hearing was held on August 25, 2009 and September 11, 2009, following which appellant was determined to be an SVP subject to Megan's Law's lifetime registration requirements.

On September 18, 2009, appellant appeared before the Honorable Edward G. Smith for sentencing. The trial court imposed a sentence of 4 to 10 years' incarceration for aggravated indecent assault and 2 to 7 years for unlawful contact, run consecutively for an aggregate sentence of 6 to 17 years' incarceration. Additional sentences of 3 to 24 months for indecent assault, 9 to 60 months for endangering the welfare of children, and 9 to 24 months for corruption of minors, were run concurrently with the sentences on the other charges.[3] Appellant's sentence fell in the aggravated range of the sentencing guidelines.

Appellant filed a timely post-sentence motion on September 28, 2009. However,

---

\* Retired Senior Judge assigned to the Superior Court.

**1.** We refer to the victim using her initials to protect her privacy.

**2.** 42 Pa.C.S.A. §§ 9791–9799.9.

**3.** Originally, the court imposed a consecutive sentence of 9 months to 2 years' incarceration for corruption of minors, resulting in an aggregate sentence of confinement of 6 years, 9 months to 19 years. (Notes of testimony, 9/18/09 at 42–44.) However, that same date, the court filed a "clarification of sentence," in which it ordered that appellant's sentence for corruption of minors run concurrently with the other sentences imposed. (Docket No. 44; trial court opinion, 4/5/10 at 15.)

as explained in footnote four *infra,* appellant filed a notice of appeal on October 19, 2009, before disposition of his post-sentence motion. Appellant complied with Pa. R.A.P. 1925(b), and the trial court has filed an opinion.[4]

Appellant has raised the following issues for this court's review:

1. Was the determination that [appellant] was [an SVP] against the weight of the evidence in light of the greater expertise of and the greater amount of information reviewed [by] [appellant's] expert, who opined that he was not [an SVP], over that of the Commonwealth's expert, whose testimony the lower court accepted?

2. Was [appellant's] sentence excessive in light of his excellent work history, his relationship and experience as a family man, and his reputation in his community?

Appellant's brief at 3.[5]

■ In his first issue on appeal, appellant claims that the trial court's SVP determination was against the weight of the evidence. Appellant argues that the opinion of his expert, Dr. Frank M. Dattilio, M.D., should have been given greater weight than that of the Commonwealth's expert, Mr. Dean Dickson. While both experts agreed that appellant suffers from a mental abnormality or personality disorder, *i.e.,* paraphilia not otherwise specified, they disagreed on whether appellant is likely to engage in predatory sexually violent offenses. *See* 42 Pa.C.S.A. § 9792 (defining an SVP). According to Dr. Dattilio, appellant is an excellent candidate for rehabilitation and the likelihood that he will re-offend is low. (Notes of testimony, 9/11/09 at 22.) Mr. Dickson, the Sexual Offenders Assessment Board expert, testified that appellant meets the statutory criteria for SVP status including a high risk of re-offense. (Notes of testimony, 8/25/09 at 25.)

Appellant stipulated to Mr. Dickson's qualifications as an expert on the issue of sexual offender evaluation and sexual offender designation. (*Id.* at 14–15.) However, appellant argues that Dr. Dattilio, who is a board certified clinical and forensic psychologist and is on the faculty at Harvard Medical School and the University of Pennsylvania School of Medicine, is better qualified than Mr. Dickson. (*Id.* at 3–5; appellant's brief at 18.) Appellant also argues that Dr. Dattilio had more information than Mr. Dickson, including the trial transcript, which was not yet available when Mr. Dickson issued his report.

As stated above, appellant does not challenge the sufficiency of the evidence to support the trial court's determination of SVP status. Rather, he frames the issue as a weight claim. As recognized by the trial court, there do not appear to be any published opinions addressing whether an SVP determination was against the weight, rather than the sufficiency, of the evi-

---

4. Appellant filed a timely post-sentence motion on September 28, 2009, thereby tolling the 30–day appeal period. (Docket No. 38; Pa.R.Crim.P. 720(A).) However, before appellant's post-sentence motion was decided, and perhaps being unaware of the fact that the appeal period was being tolled, he filed a notice of appeal on Monday, October 19, 2009. (Docket No. 40; trial court opinion, 4/5/10 at 15.) Appellant's post-sentence motion was subsequently denied without a hearing on October 22, 2009. (*Id.;* Docket No. 39.) Under Pa.R.Crim.P. 720(A)(2), no direct appeal may be taken by a defendant while his post-sentence motion is still pending. *See* Comment, Pa.R.Crim.P. 720. However, pursuant to Pa.R.A.P. 905, we will treat appellant's premature notice of appeal as having been filed after entry of the order denying post-sentence motions.

5. Additional issues raised in appellant's Rule 1925(b) statement have been abandoned on appeal. (Docket No. 42.)

dence. (Trial court opinion, 4/5/10 at 46.) *Commonwealth v. Fuentes*, 991 A.2d 935, 945 n. 6 (Pa.Super.2010) (*en banc*), does appear to contemplate the possibility of such a claim.

■■■ Our standard of review of a weight of the evidence claim is for an abuse of discretion. "[A]ppellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion." *Commonwealth v. Diggs*, 597 Pa. 28, 39, 949 A.2d 873, 879 (2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 1580, 173 L.Ed.2d 678 (2009). Indeed, it is oft-stated that "the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Id.* at 39, 949 A.2d at 879–880 (citations omitted). We discern no basis on which to distinguish our standard of review on weight claims, whether challenging the weight of the evidence to support a guilty verdict or a trial court's SVP determination. A defendant must put the issue before the trial court in the first instance because:

> it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Lyons*, 833 A.2d 245, 259 (Pa.Super.2003), *appeal denied,* 583 Pa. 695, 879 A.2d 782 (2005), quoting *Commonwealth v. Griffin*, 453 Pa.Super. 657, 684 A.2d 589, 596 (1996) (internal citations omitted).

After reviewing the record, it is clear that appellant has not advanced the issue in the court below, thereby affording the trial court the opportunity to rule on it. Accordingly, the issue is waived. Pa. R.A.P. 302(a); *compare Commonwealth v. O'Bidos,* 849 A.2d 243, 252 (Pa.Super.2004), *appeal denied,* 580 Pa. 696, 860 A.2d 123 (2004) (citations omitted) (weight of the evidence claims must be raised via oral, written, or post-sentence motions in the trial court for the issue to be preserved for appeal).

Appellant did file a post-sentence motion challenging the appropriateness of his sentence; however, our review of the record reveals no motion for a new hearing, oral or otherwise, based on a claim that the trial court's SVP determination was against the weight of the evidence. Furthermore, even if appellant had raised the issue in his post-sentence motion, he filed a notice of appeal before the trial court could dispose of it. Nor does the fact appellant raised the issue in his Rule 1925(b) statement and the trial court addressed it in its Rule 1925(a) opinion preserve the issue for appeal. *Commonwealth v. Mack,* 850 A.2d 690, 694 (Pa.Super.2004). We hold that any weight claim is addressed to the trial court's discretion and must be raised initially by a motion to the trial court. Accordingly, the matter is deemed waived.[6]

■■ In his second and final issue on appeal, appellant claims that his sentence was excessive and unreasonable. Appellant contends that the trial court failed to give enough weight to various mitigating factors including his employment history, the lack of a significant prior criminal record, evidence of his good reputation in the community, and support from his family.

■■ An appellant's right to challenge the discretionary aspects of his sentence is not absolute. *Commonwealth v. Barzyk,*

---

**6.** For *allocatur* purposes, we would rely on the trial court's thorough analysis of the issue, set forth at pages 46–57 in its Rule 1925(a) opinion.

692 A.2d 211, 216 (Pa.Super.1997). Rather, a party who desires to raise such matters must petition this court for permission to appeal and demonstrate that there is a substantial question that the sentence is inappropriate. 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 511, 522 A.2d 17, 18 (1987). The determination of whether a particular issue constitutes a substantial question as to the appropriateness of sentence must be evaluated on a case-by-case basis. *Barzyk,* 692 A.2d at 216. In fulfilling this requirement, the party seeking to appeal must include in his or her brief a concise statement of reasons relied upon in support of allowance of appeal. Pa.R.A.P. 2119(f),[7] *Commonwealth v. Saranchak,* 544 Pa. 158, 176, 675 A.2d 268, 277 (1996), *cert. denied,* 519 U.S. 1061, 117 S.Ct. 695, 136 L.Ed.2d 617 (1997).

Although not labeled as a Rule 2119(f) statement as such, appellant does include a statement of reasons in support of allowance of appeal in his brief, immediately preceding argument on the merits. (Appellant's brief at 18–19.) Therefore, we conclude that appellant has substantially complied with Rule 2119(f); however, he falls woefully short of raising a substantial question for our review.

As stated, appellant argues that the trial court did not give enough weight to mitigating evidence, including his work history and character witnesses. Appellant states that this evidence required a sentence below the guidelines. (*Id.* at 19.) An argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review.[8] *Commonwealth v. Hanson,* 856 A.2d 1254, 1257–1258 (Pa.Super.2004), citing *Commonwealth v. McNabb,* 819 A.2d 54, 57 (Pa.Super.2003). *See also Griffin,* 804 A.2d at 9, citing *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989) (*en banc*) (an allegation that the sentencing court did not adequately consider various factors is, in effect, a request that this court substitute its judgment for that of the lower court in fashioning a defendant's sentence).

Having determined that appellant's weight of the evidence claim vis-à-vis the trial court's SVP determination is waived on appeal, and that appellant has failed to present a substantial question for our review with respect to the discretionary aspects of his sentence, we will affirm the judgment of sentence.

Judgment of sentence affirmed.

---

**7.** Pa.R.A.P. 2119(f) states:

> (f) **Discretionary aspects of sentence.** An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

**8.** We note that the court was fully aware of, and gave due consideration to, all of the mitigating factors referenced above, including appellant's employment history. (Notes of testimony, 9/18/09 at 38.) Appellant called several character witnesses at sentencing. The court also had the benefit of a pre-sentence investigation report. (*Id.* at 3.) "Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin,* 804 A.2d 1, 8 (Pa.Super.2002), *appeal denied,* 582 Pa. 671, 868 A.2d 1198 (2005), *cert. denied,* 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005), citing *Commonwealth v. Devers,* 519 Pa. 88, 101–102, 546 A.2d 12, 18 (1988).