J-S09031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER DAVID ATKINSON, | |
| Appellant | No. 1251 WDA 2014 |

Appeal from the Judgment of Sentence entered July 2, 2014,
in the Court of Common Pleas of Mercer County,
Criminal Division, at No(s): CP-43-CR-0001030-2013

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:　　　　　　　　　　　**FILED FEBRUARY 23, 2015**

Christopher David Atkinson ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to one count of aggravated indecent assault.[1]  We affirm.

The victim, who suffers from cerebral palsy and is unable to walk, or speak on her own without electronic assistance, reported that Appellant sexually assaulted her when she was approximately 13 years of age, while she was living with him in foster care between 2010 and 2012.  Affidavit of Probable Cause, 5/1/13; N.T., 12/12/13, at 12-51.

_____

[1] 18 Pa.C.S.A. § 3125(a)(8).

On December 12, 2013, Appellant pled guilty to aggravated indecent assault, and the trial court ordered an assessment by the Sexual Offender Assessment Board ("SOAB") in accordance with the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799.10 *et seq.* On July 2, 2014, the trial court conducted a hearing to determine whether Appellant met the criteria for classification as a sexually violent predator ("SVP"), at the conclusion of which it determined that the Commonwealth had proved by clear and convincing evidence that Appellant qualified as a Tier III SVP, and ordered Appellant to lifetime registration. That same day, the trial court sentenced Appellant to a term of imprisonment of three (3) to ten (10) years.[2] No post-sentence motions were filed.

Appellant filed a notice of appeal on July 31, 2014. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

I.   Did the trial court err in finding that the Commonwealth proved through clear and convincing evidence that [Appellant] was an SVP when the Commonwealth only offered incompetent expert testimony and the [trial court] was not presented with any credible testimony to substantiate that [Appellant] suffered from a mental abnormality, specifically paraphilia, that requires acts of abuse that occur for a period of at least 6 months or was likely to reoffend?

II.  Did the trial court err by admitting [the testimony of the Commonwealth's expert witness (Brenda) Manno] when

_____

[2] Appellant is deaf and was assisted by an interpreter at the guilty plea hearing, the SVP hearing, and the sentencing hearing.

such testimony was incompetent because it relied on extrajudicial data that was not of a type that would be reasonably relied upon by experts in the particular field as required by the Pennsylvania Rules of Evidence?

III. Did the trial court err by admitting hearsay in the testimony of Ms. Manno in violation of [Appellant's] right to confrontation in the Sixth Amendment of the United States Constitution and Article I § 9 of the Pennsylvania Constitution because the testimony amounted to testimonial hearsay that did not fall into the only exception to the rule in cases where the declarant is unavailable and [Appellant] had the prior opportunity to cross-examine the [declarant]?

Appellant's Brief at 4-5.

Although Appellant lists three issues in his brief, his issues all pertain to the trial court's reliance on the testimony of the Commonwealth's expert witness, Brenda A. Manno, a member of the Pennsylvania SOAB. Appellant's Brief at 16-29. Because Appellant's issues are interrelated, we will address them together.

Appellant argues that Ms. Manno's testimony about her belief that Appellant is an SVP, was based on her review of unsubstantiated, unreliable hearsay contained in the police report and criminal complaint, and that her testimony could not support the trial court's finding that Appellant is an SVP. Appellant maintains that Ms. Manno never reviewed the guilty plea colloquy in making her assessment that Appellant is an SVP, and that without having knowledge of the factual basis of Appellant's crimes as set forth at the guilty plea hearing, Ms. Manno could not credibly testify about whether Appellant's conduct qualified him for SVP designation. Accordingly, Appellant argues

that the trial court's SVP determination based on Ms. Manno's testimony was unsupported by sufficient evidence.[3]

"A challenge to a determination of SVP status requires us to view the evidence ... [I]n the light most favorable to the Commonwealth. The reviewing court may not weigh the evidence or substitute its judgment for that of the trial court. The clear and convincing standard requires evidence that is so clear, direct, weighty and convincing as to enable [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [at] issue." ***Commonwealth v. Prendes***, 97 A.3d 337, 355 (Pa. Super. 2014) (citations omitted). "Questions of evidentiary sufficiency present questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Stephens***, 74 A.3d 1034, 1038 (Pa. Super. 2013) (citations omitted).

> A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility. A successful sufficiency challenge can lead to an outright grant of relief such as a reversal of the SVP designation[.]

***Prendes***, 97 A.3d at 356.

_____

[3] Appellant does not challenge the admissibility of Ms. Manno's expert testimony. At trial, when offered the opportunity by the trial court to object to the qualification of Ms. Manno as an expert, Appellant made no objection nor cross-examined Ms. Manno with regard to her qualifications. ***See*** N.T., 7/2/14, at 4-8.

Appellant argues that Ms. Manno's testimony was insufficient to support an SVP determination because Ms. Manno's SVP assessment relied on the unsubstantiated facts set forth in the police report and criminal complaint, which differed from the facts admitted by Appellant at the guilty plea hearing. Appellant maintains that at the guilty plea hearing, he admitted to only one instance of sexual contact with the victim, which could not support a determination that Appellant engaged in "predatory" behavior. Appellant's Brief at 16-20. Appellant asserts that the only evidence indicating that he engaged in sexual contact with the victim on more than one occasion and over an extended period of time, was contained in the police report and criminal complaint – documents that constituted hearsay and which could not be relied upon to support an SVP determination. Appellant thus claims that the evidence was insufficient to classify him as an SVP.[4]

_____

[4] At the guilty plea hearing, Appellant's counsel set forth the factual basis for the crime charged (aggravated indecent assault) as follows:

| Appellant's Counsel: | [Did] you have a child who lived in your home that had cerebral palsy that you and your wife took care of? |
|---|---|
| Appellant: | Yes. |
| Appellants' Counsel: | And while this female lived in your home, did you, on at least one occasion, take your finger and touch her vagina? |
| Appellant: | One time. |

*(Footnote Continued Next Page)*

We have explained the procedure pertaining to SVP assessments:

An SOAB board member conducts the assessment to determine if the individual should be classified as an SVP. The SOAB merely assesses the defendant; it does not perform an adjudicative function. [42 Pa.C.S.A. § 9799.24] dictates the factors for the expert to consider when making an SVP analysis.

**Prendes**, 97 A.3d at 357.

To support an SVP designation, the Commonwealth must show (1) that the individual has been convicted of a sexually violent offense as set forth in section 9799.14, and (2) that the individual has a mental abnormality or personality disorder that makes him likely to engage in predatory sexually violent offenses. When the Commonwealth meets this burden, the trial court makes the final determination as to whether the defendant is an SVP. **Prendes** 97 A.3d at 357-358.

Here, at the SVP hearing, Ms. Manno opined that Appellant had a mental abnormality or personality disorder that made him likely to engage in predatory sexually violent offenses. Ms. Manno testified that she conducted her assessment of Appellant as follows:

*(Footnote Continued)* ————————

Appellant's counsel: And did your finger even just slightly penetrate her vagina?

Appellant: Yeah, just touched.

N.T., 12/12/13, at 12.

The affidavit of probable cause appended to the criminal complaint, however, stated that the sexual contact "start[ed] in 2010 up to November of 2012." Affidavit of Probable cause, 5/1/13.

Prior to the case being assigned to a[n] [SOAB] board member, it's assigned to a board investigator, and in this case that investigator was Nicole Barr. That person goes forward and collects all the records that are available on the Defendant and offers the Defendant [an] interview which, in this case, [Appellant] had the right to decline the interview process and he did.

That information is forwarded to me, the assigned board member. I then review all that information. If the Defendant is participating, I offer them an interview; and if not, then I do my report based on file review of the information that was provided.

***

I reviewed the information that was provided in the report by the investigator, Nicole Barr; I reviewed a records check for ChildLine; I reviewed the police report, the criminal complaint, and the case disposition, as well as Court Orders from this current case.

***

In reviewing the offense, it was noted that the victim in the case was not related. She, in fact, had resided with her birth family up until she was approximately eight years of age. The record indicated that she had physical limitations of cerebral palsy and they were significant enough her family could not care for her. They found a host family here, which was [Appellant and his wife, so she came to reside with them.

She reported abuse from the time she was approximately 12 until she was 15 years-of-age. The actual dates in the Criminal Complaint would have been January 1st of 2010 to November 30th, 2012. So we have a time period a little shy of three years.

N.T., 7/2/14, at 8-10.

Appellant's counsel immediately raised a hearsay objection to Ms. Manno's reliance on information contained in the criminal complaint to determine the length of time over which the abuse occurred. *Id.* The trial court overruled the objection, and Ms. Manno proceeded to outline the various factors that she considered in making her SVP determination

pursuant to 42 Pa.C.S.A. § 9799.24, including the nature of Appellant's relationship as a primary caregiver to the victim, involved in dressing feeding, bathing, and changing her; the victim's physical and mental limitations; the victim's inability to communicate without the aid of a computer; the victim's dependence on Appellant for her basic needs; the nature of the sexual contact; the age of the victim; the age of Appellant; the lack of prior history of abuse by Appellant; the fact that there was only one victim; and the length of the abuse. N.T., 7/2/14, at 5-13.

Ms. Manno testified that after reviewing these factors, she concluded that Appellant "meets the diagnostic criteria for paraphilia not otherwise specified" and explained that "to meet the [diagnosis of] paraphilia, there has to be a period of at least six months where you have recurrent, intense sexually arousing fantasies, urges, or behaviors" with regard to "children that were not prepubescent or non-consenting adults" as specified in the DSM IV. *Id.*, at 14.

Appellant takes issue with Ms. Manno's presumption that Appellant's criminal behavior extended over a period greater than six months. Appellant argues that Ms. Manno's reliance on the police report and criminal complaint to determine that the abuse extended over a greater than six month period – without having interviewed Appellant or reviewed the guilty plea colloquy to verify her facts – could not support her determination that Appellant suffered from a "mental abnormality" in the form of paraphilia or that his behavior was predatory to support an SVP classification. N.T., 7/2/14, at

14-16. Appellant maintains that at the guilty plea hearing, there was no evidence that his sexual contact with the victim extended over a period in excess of six months, as required for a diagnosis of paraphilia. Rather, Appellant contends that the only evidence that the sexual activity extended over a period greater than six months was contained in the unsubstantiated police report and criminal complaint, and that the trial court could not rely on such hearsay documents to classify Appellant as an SVP.

In **Prendes**, **supra**, we addressed a similar challenge where the appellant argued that the record did not support his SVP classification because the trial court's SVP determination was based on expert testimony that was founded on unreliable hearsay and unproven allegations. We made clear in **Prendes**:

> The statute governing the SVP assessment does not limit the expert's consideration of information only to that admitted at trial or at the guilty plea proceedings. In fact, the statute requires state, county, and local agencies, offices or entities to provide copies of records and information as requested by the SOAB in connection with an SVP assessment, without limitation on the "admissibility" of that information. **See** 42 Pa.C.S.A. § 9799.24(c). As a result, it stands to reason that some if not many of the facts necessary to perform the SVP assessment might not have been proven beyond a reasonable doubt. Thus, we hold an SOAB expert opinion falls within the general rules regarding expert witnesses. As such, a SOAB expert's opinion may be based on facts or data that the expert has been made aware of or personally observed so long as experts in the particular field reasonably rely on those kinds of facts or data in forming an opinion on the subject; the facts or data consulted need not be admissible for the expert's opinion to be admitted. **See** Pa.R.E. 702, 703 ... The SOAB expert must state the facts or data on which the opinion is based. **See** Pa.R.E. 705 and Comment (explaining otherwise inadmissible facts and data supporting expert opinion are considered only to explain the

> basis for an expert's opinion, not as substantive evidence). Then, the rules of evidence place the full burden of exploration of facts and assumptions underlying the testimony of an expert witness squarely on the shoulders of opposing counsel's cross-examination. ... Opposing counsel bears the burden of exposing and exploring any weaknesses in the underpinnings of the expert's opinion.

**Prendes**, 97 A.3d at 360-361 (some citations omitted).

Here, Ms. Manno stated that when performing her assessment, she relied on the police report, the criminal complaint, and the case disposition, as well as various orders issued by the trial court in this matter. N.T., 7/2/14, at 8-10. As explained in **Prendes** "an SOAB expert opinion falls within the general rules regarding expert witnesses [and as] such, a SOAB expert's opinion may be based on facts or data that the expert has been made aware of or personally observed so long as experts in the particular field reasonably rely on those kinds of facts or data in forming an opinion on the subject; the facts or data consulted need not be admissible for the expert's opinion to be admitted." **Prendes,** 97 A.3d at 360-361 *citing* Pa.R.E. 702; Pa.R.E.703; **In re D.Y.**, 34 A.3d 177, 182–83 (Pa. Super. 2011). Thus, Ms. Manno was free to rely on the police report and criminal complaint in making her assessment. Appellant has not demonstrated that these documents were not of the kind "reasonably relied on by experts in the particular field" of SVP assessment. **Prendes, supra**. Moreover, as the trial court explained:

> Members of the SOAB such as Ms. Manno, regularly make SVP assessments relying solely on documents such a police reports, affidavits of probable cause, prior criminal records,

> Department of Transportation records, and other documents. Ms. Manno testified that she had performed 889 SVP assessments by July 2, 2013 and that she typically used these types of documents in making an assessment. [N.T. 7/2/14, at 8, 20]. Because experts such as Ms. Manno always use these types of documents to perform their assessments, and because Ms. Manno was certified as such an expert, her testimony was admissible.

Trial Court Opinion, 9/25/14, at 4-5.

Also, although Appellant emphasizes that he admitted at the guilty plea hearing to only one instance of sexual contact, and that one instance of sexual contact is inadequate for Ms. Manno to classify paraphilia (which requires greater than six months of sexual contact), Appellant was free to cross-examine Ms. Manno at the SVP hearing in this regard, and to explore the facts and assumptions underlying her testimony and impeach her credibility by questioning Ms. Manno regarding the facts set forth in the guilty plea; Appellant's counsel did not do so. *See Prendes* 97 A.3d at 358 (once expert testimony has been admitted, the rules of evidence place the burden of exploring the facts and assumptions underlying the testimony of an expert witness squarely on the shoulders of opposing counsel who bears the burden, during cross-examination, of exposing and exploring any weaknesses in the expert's opinion).

Finally, we note that while Appellant takes issue with Ms. Manno's reliance on the police report and criminal complaint, and "non-use of [Appellant's] guilty plea colloquy", (Appellant's Brief at 21), Appellant had the opportunity to participate in the SVP assessment process and meet with

Ms. Manno for an interview, but declined to do so. "The absence of an interview does not preclude the ability to evaluate the offender's behavior through available history for characteristics similar or dissimilar to the criteria set forth in the law for defining a sexually violent predator." *Prendes* 97 A.3d at 359 *quoting* **Commonwealth v. Woods**, 909 A.2d 372, 381 (Pa. Super. 2006), *appeal denied*, 591 Pa. 714, 919 A.2d 957 (2007).

Because we conclude that it was permissible for Ms. Manno to rely on the police report and criminal complaint in her SVP assessment, Appellant's assertion that Ms. Manno's testimony was insufficient to support the trial court's SVP determination lacks merit.

Appellant additionally raises a weight of the evidence challenge to Ms. Manno's credibility, asserting that Ms. Manno's expert testimony was incredible and unreliable because she did not independently verify the facts contained in the police report and criminal complaint. Appellant's Brief at 23-29.

A weight of the evidence claim must be raised either orally or by written motion before sentencing, or by written motion after sentencing in order to be preserved for appellate review. **In re J.B**., --- A.3d ---, 2014 WL 7090340 at 20 (Pa. December 15, 2014); Pa.R.Crim.P. 607. There are few published opinions addressing a weight of the evidence challenge to an SVP determination. However, in **Commonwealth v. Ratushny**, we found no reason to exempt SVP hearings from the general requirement that weight

- 12 -

claims must be raised before the trial court to be preserved for appeal. ***Ratushny***, 17 A.3d 1269, 1271-1272 (Pa. Super. 2011) (holding that the appellant waived his challenge to the weight of the evidence presented at his SVP hearing because he had not raised the issue in the trial court).

Our review of the record reveals that, at the conclusion of the SVP hearing, Appellant's counsel did raise an argument that Ms. Manno based her findings on unproven and unreliable allegations contained in the police report and criminal complaint, thereby attacking the reliability of Ms. Manno's determinations, and adequately preserving a weight of the evidence challenge. N.T., 7/2/14, at 24-25. Therefore, we proceed to address the merits of this claim.

Our standard of review of a weight of the evidence claim is for an abuse of discretion. Appellate review is limited to whether the trial judge's properly exercised its discretion, and relief is warranted only where the facts and inferences of record disclose a palpable abuse of discretion. ***See Ratushny***, 17 A.3d at 1272. An expert's opinion, which is rendered to a reasonable degree of profession certainly, is itself evidence which the trial court is free to believe or disbelieve in whole or in part. ***Prendes***, 97 A.3d at 356. Here, the trial court, in a proper exercise of its discretion, credited the expert testimony of Ms. Manno in concluding that Appellant met the criteria for classification as an SVP. We will not disturb the trial court's credibility determinations on appeal, and find no merit to Appellant's weight of the evidence challenge.

Finally, to the extent Appellant argues the admission of Ms. Manno's testimony violated his right to confrontation under the United States and Pennsylvania Constitutions, we find Appellant's argument to be undeveloped and therefore waived. *See* Appellant's Brief at 30-32. Appellant cites only two cases, *Commonwealth v. Curnutte*, 871 A.2d 839 (Pa. Super. 2005) and *Crawford v. Washington*, 541 U.S. 36 (2004), without any meaningful discussion or analysis as to how these cases specifically relate to his claim that his sixth amendment right to confrontation was violated. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Wilgus*, 40 A.3d 1201, 1205 (Pa. 2012) (citations omitted); *see also Commonwealth v. Kearney*, 92 A.3d 51, 66 (Pa. Super. 2014) (holding that the appellant's failure to develop an argument in support of his claim, or provide pertinent citation to authority rendered his claim waived).

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2015

- 14 -