J-S39012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN PHILIP PETERSON | |
| Appellant | No. 1566 MDA 2015 |

Appeal from the Order Entered July 6, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0002247-2014

BEFORE:  STABILE, PLATT [*], and STRASSBURGER[*], JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 21, 2016**

Appellant John Philip Peterson appeals from the July 6, 2015 order of the Court of Common Pleas of Dauphin County ("trial court"), designating him as a sexually violent predator (SVP) under Section 9799.24, 42 Pa.C.S.A. § 9799.24.[1]  Upon review, we affirm.

The facts and procedural history underlying this appeal are undisputed.  Briefly, after being charged with various sex offenses for abusing a mentally disabled person, Appellant pled guilty to two counts of

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Section 9799.24 provides in part that "[a]fter conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the board.  The order for an assessment shall be sent to the administrative officer of the board within ten days of the date of conviction for the sexually violent offense."  42 Pa.C.S.A. § 9799.24(a).

rape by forcible compulsion and two counts of rape of a mentally disabled person.[2] Prior to sentencing, Appellant executed a written colloquy waiving his right to have an SVP assessment completed under Section 9799.24 prior to sentencing. The trial court sentenced Appellant to an aggregate term of 108 to 216 months' incarceration on the same day he entered into the guilty plea. On July 6, 2015, more than a year after his sentence, the trial court held an SVP hearing at which the Commonwealth and Appellant offered expert testimony.

Dr. Robert Stein, a licensed psychologist in Pennsylvania with seventeen years on the Sexual Offender Assessment Board, testified on behalf of the Commonwealth. N.T. SVP Hearing, 7/6/15, at 6. Dr. Stein testified that although Appellant declined to participate in the SVP assessment, Dr. Stein did review Appellant's records. *Id.* at 6-7. Describing Appellant's criminal conduct that gave rise to the SVP assessment, Dr. Stein testified: "[i]t was a forced sexual assault of a severely handicapped woman that occurred on July 11th of 2013. [Appellant] returned to the woman's apartment six days later and sexually assaulted her a second time." *Id.* at 7. Dr. Stein opined that the sexual assaults involved forcible rapes based on his review of the victim's medical records. *Id.* at 8. Dr. Stein further opined to a reasonable degree of professional certainty that Appellant's past

---

[2] 18 Pa.C.S.A. § 3121(a)(1) and (5).

criminal record coupled with the sexual crimes *sub judice* were "consistent with antisocial personality disorder." *Id.* at 9, 13. He testified that an antisocial personality disorder is a condition that "involves chronic rule breaking, chronic irresponsibility. That starts somewhere in the teenage years and needs to be evidenced of [sic] some sort of conduct problems prior to adolescence and adulthood." *Id.*

Reviewing Appellant's criminal record, Dr. Stein testified:

There have been thirteen arrests. At least nine convictions with the first arrest before the age 15. There have been different types of crime[s]: chronic abuse of substance, violations of conditional release, and impulsiveness and chronic risk taking. Some of those crimes included drug crimes, burglaries, DUI, trespass, criminal mischief, various drug possessions, theft, and access device fraud. So we have a variety of different types of crime, and we have these sex crimes on top of all that.

*Id.* at 9-10. Dr. Stein acknowledged that prior to this case, Appellant never had a recorded sexual crime. *Id.* at 10. Based on his diagnosis that Appellant suffered from antisocial personality disorder, Dr. Stein opined:

Generally speaking, when a person with antisocial personality disorder has committed a sex offense, the presence of that disorder is associated with a higher risk of recidivism. In this case, the sex offense was not isolated. There was an offense on July 11th. [Appellant] came back six days later, [and] committed another offense.

We also look . . . [for] any evidence [of a history of] sexual deviance . . . There is evidence of that. Not anything that I can prove. It's based on a note from 1988 in his treatment in which he self-reported molesting his siblings. That I would look at as an aggravating factor. I wouldn't hang my hat on that, in other words, I'm not going to use that to make a diagnosis, but it is evidence that aggravates the overall picture.

*Id.* at 10-11. Dr. Stein also opined that "[t]he rape of an unusually vulnerable person who would have had minimal abilities to defend herself is

consistent with predatory behavior" on Appellant's part. *Id.* at 14. Dr. Stein noted that "[a]ntisocial personality disorder is not considered a treatable or curable condition." *Id.* at 15. Based on his assessment, Dr. Stein opined to a reasonable degree of professional certainty that Appellant should be classified as an SVP. *Id.* at 17.

In response, Appellant offered the testimony of Dr. Timothy Foley, who opined that he would not designate Appellant as an SVP because Appellant was not likely "to commit sexually violent acts in the future." *Id.* at 45.

Dr. Stein, however, disagreed with Dr. Foley's assessment, noting:

> While we agree on predatory behavior, we agree on antisocial personality disorder, and we agree that antisocial personality disorder raises the risk of sexual re-offense, the parting of the ways occurs on the magnitude of the risk of re-offense. Dr. Foley used an actuarial risk tool to determine that the risk of re-offense was low.

*Id.* at 14. Although Dr. Stein acknowledged that risk of recidivism generally begins to decline after the age of 35, he concluded that no decline has occurred in this matter because Appellant's "criminality overall, sexual and otherwise, has continued into his 40s." *Id.* at 15. Dr. Stein noted that Appellant was 41 years old when he twice raped the victim *sub judice*. *Id.*

Following the SVP hearing, the trial court issued an order classifying Appellant as an SVP. Appellant filed a post-sentence motion, which the trial court denied. Appellant timely appealed to this Court.[3]

---

[3] Even though Appellant appealed more than 30 days after the imposition of sentence, we have limited jurisdiction over this appeal to determine the

*(Footnote Continued Next Page)*

On appeal, Appellant argues only that the trial court's designation of Appellant as an SVP was against the weight of the evidence. In support, Appellant points out that his expert witness opined that "Appellant does not have a sexual disorder and that antisocial personality disorder is not directly related to sex offense recidivism." Appellant's Brief at 9. Appellant also points out that his expert opined that Appellant "is not likely to commit sexually violent acts in the future." *Id.*

Our standard in reviewing a weight of the evidence claim is as follows:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted).

> Relief on a weight of the evidence claim is reserved for extraordinary circumstances, when the [fact-finder's] verdict is

*(Footnote Continued)* ─────────────

propriety of the trial court's SVP order. In *Commonwealth v. Whanger*, 30 A.3d 1212 (Pa. Super. 2011), we stated that "[a]n SVP determination is a collateral consequence of a conviction and is not a sentence. *Whanger*, 30 A.3d at 1215 (citation omitted). Like Appellant *sub judice*, the appellant in *Whanger* "appealed after the filing of the SVP order. As the SVP order is collateral to the sentence, but a final order relative to the sole issue before the SVP court, a defendant whose SVP hearing occurs *after* sentencing can obviously appeal from that order regardless of whether it makes judgment of sentence final." *Id.* at 1219-20 n.3 (emphasis added).

so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. On appeal, [an appellate] Court cannot substitute its judgment for that of the [fact-finder] on issues of credibility, or that of the trial judge respecting weight. Our review is limited to determining whether the trial court abused its discretion[.]

*Commonwealth v. Sanchez*, 36 A.3d 24, 27 (Pa. 2011) (citations and quotation marks omitted). A weight of the evidence claim must be raised either orally or by written motion before sentencing, or by written motion after sentencing to be preserved for appellate review. *See* Pa.R.Crim.P. 607(A). Few published opinions address a weight of the evidence challenge to an SVP determination. In *Commonwealth v. Ratushny*, 17 A.3d 1269 (Pa. Super. 2011), we stated that "[w]e discern no basis on which to distinguish our standard of review on weight claims, whether challenging the weight of the evidence to support a guilty verdict or a trial court's SVP determination. A defendant must put the issue before the trial court in the first instance[.]" *Ratushny*, 17 A.3d at 1272.

Here, Appellant's weight of the evidence claim only challenges the trial court's credibility determination insofar as the trial court decided to believe the testimony of the Commonwealth's expert, Dr. Stein, over Appellant's expert, Dr. Foley, to the extent they differed on the question of recidivism. As we noted above, this Court may not re-weigh the evidence or substitute its judgment for that of the trial court sitting as the fact-finder. *Commonwealth v. Mobley*, 14 A.3d 887, 889–90 (Pa. Super. 2011). Accordingly, we reject Appellant's argument as lacking merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2016