J. A21016/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| MAURICE HICKADAY, | : | |
| | : | |
| Appellant | : | No. 1726 EDA 2015 |

Appeal from the Judgment of Sentence January 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002566-2014

BEFORE: BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 18, 2016**

Appellant, Maurice Hickaday, appeals from the Judgment of Sentence entered on January 28, 2015, in the Court of Common Pleas of Philadelphia County following his no contest plea to Rape by Forcible Compulsion, Indecent Assault by Forcible Compulsion, Carrying a Firearm without a License, Possessing an Instrument of a Crime[1] and his designation as a Sexually Violent Predator ("SVP") pursuant to 42 Pa.C.S. §§ 9799.10-9799.41. After careful review, we affirm.

The factual history is not in dispute. On May 8, 2011, in the early morning hours, Marian Shelton ("Victim") was leaving the area near the Sugarhouse Casino on Delaware Avenue in Philadelphia, Pennsylvania, when

---

[1] 18 Pa.C.S. § 3121(a)(1); 18 Pa.C.S. § 3126(a)(2); 18 Pa.C.S. § 6106(a)(1); and 18 Pa.C.S. § 907(a), respectively.

Appellant, along with two other males, offered Victim and Victim's friend a ride. After Victim's friend got out of the car, Appellant pointed a firearm at Victim, took her to a nearby location, brought her inside a structure, and engaged in non-consensual sexual intercourse with Victim. Victim sought medical treatment, including a rape kit examination. The sperm that was recovered from the rape kit was placed in the DNA database, and in 2013 there was a "CODIS result which led to the [Appellant's] arrest." Trial Court Opinion, dated 11/3/15, at 3.

On July 22, 2014, Appellant appeared before the Honorable Timika Lane and pled no contest to Rape by Forcible Compulsion and related charges. Judge Lane sentenced Appellant to a term of 7 ½ to 15 years' incarceration followed by 5 years of probation for the Rape charge, 7 years of probation for Carrying a Firearm without a License, and 3 years of probation for Possessing an Instrument of Crime. Judge Lane deferred sentencing on the Indecent Assault charge.

On January 23, 2015, Judge Lane held a SVP hearing. The Commonwealth entered into evidence the Sexual Offender Assessment Board Report by Dr. Barbara Ziv ("Report") and Dr. Ziv's *curriculum vitae* without objection from Appellant. The parties stipulated that Dr. Ziv was an expert in her field and if called to testify, she would testify to the contents of the Report, which concluded that Appellant met the criteria set forth in the law for classification as a SVP. The parties further stipulated that there were

some errors in Dr. Ziv's Report regarding Appellant's criminal history, but also stipulated that Dr. Ziv communicated to the Commonwealth that the corrections "would not alter her analysis and determination" that Appellant meets the criteria to be a SVP. N.T. SVP Hearing, 1/23/15, at 5. Without objection from the Commonwealth, Appellant entered into evidence a copy of the personality disorder chapter from the Diagnostic and Statistical Manual 5th Edition ("DSM-V") and an Inmate Cummulative Adjustment Record document from the Pennsylvania Department of Corrections. Appellant did not present any witnesses. After holding her decision under advisement, on January 28, 2015, Judge Lane found by clear and convincing evidence that Appellant met the criteria for a SVP. Judge Lane sentenced Appellant to "no further penalty" for the Indecent Assault charge and ordered that Appellant was "subject to a lifetime registration with the Pennsylvania State Police." N.T. Sentencing, 1/28/15, at 3-4.

On February 6, 2015, Appellant filed a timely Post-Sentence Motion, which was denied on June 2, 2015. Appellant timely appealed and both parties complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did not the Commonwealth fail to prove by clear and convincing evidence that [A]ppellant met the statutory definition of a "sexually violent predator" (SVP) where: a) the Commonwealth failed to prove by clear and convincing evidence that [A]ppellant suffered from Personality Disorder, NOS (not otherwise specified); b) the Commonwealth failed to prove by clear and convincing evidence that [A]ppellant was "likely" to engage in future predatory sexual violence; and c) the Commonwealth

> failed to prove by clear and convincing evidence that [A]ppellant suffers from a lifelong condition?

> 2. Did not the trial court abuse her discretion by giving too much weight to the Commonwealth expert's report in finding that [A]ppellant met the statutory definition of SVP, and should not the Commonwealth expert's opinion be given little weight due to the substantive inaccuracies and misrepresentations?

Appellant's Brief at 4 (reordered for ease of disposition).

Appellant first avers that there was not sufficient evidence to determine that Appellant met the criteria to be classified as a SVP, specifically that the Commonwealth failed to prove by clear and convincing evidence that Appellant suffers from a lifelong personality disorder that makes it likely that Appellant will engage in future predatory sexual violence. Appellant's Brief at 4.

Appellant's challenge to the sufficiency of the evidence to support the trial court's classification of Appellant as a SVP presents a question of law, therefore our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Meals**, 912 A.2d 213, 218 (Pa. 2006). The standard of proof governing the determination of SVP status is clear and convincing evidence, which "requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hestitency, of the truth of the precise facts in issue." **Id.** at 219 (quotation and citation omitted). When reviewing the sufficiency of

evidence, we must consider the evidence in the light most favorable to the Commonwealth, the prevailing party in the instant case. *Id.* at 218.

The procedure for "determining SVP status is statutorily-mandated and well-defined." *Commonwealth v. Dixon*, 907 A.2d 533, 535 (Pa. Super. 2006). Section 9799.24 mandates that a trial court order every individual convicted of a sexually violent offense to be assessed by the Sexual Offender Assessment Board ("SOAB") prior to sentencing to determine whether that individual qualifies as a SVP. 42 Pa.C.S. § 9799.24(a). A SVP is someone who has been convicted of one of the statute's enumerated offenses and suffers from "a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9799.12; *Dixon*, *supra* at 537. The term "predatory" is further defined as "[a]n act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." 42 Pa.C.S. § 9799.12.

The statutorily-mandated assessment must include, but is not limited to, an examination of the following to determine whether the individual qualifies as a SVP:

(1) Facts of the current offense, including:

   (i) Whether the offense involved multiple victims.

   (ii) Whether the individual exceeded the means necessary to achieve the offense.

(ii)   The nature of the sexual contact with the victim.

(iii)  Relationship of the individual to the victim.

(iv)   Age of the victim.

(v)    Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii)  The mental capacity of the victim.

(2)  Prior offense history, including:

(i)    The individual's prior criminal record.

(ii)   Whether the individual completed any prior sentences.

(iii)  Whether the individual participated in available programs for sexual offenders.

(3)  Characteristics of the individual, including:

(i)    Age.

(ii)   Use of illegal drugs.

(iii)  Any mental illness, mental disability or mental abnormality.

(iv)   Behavioral characteristics that contribute to the individual's conduct.

(4)  Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of reoffense.

42 Pa.C.S. § 9799.24.

After a careful review, and viewing the evidence in the light most favorable to the Commonwealth, we conclude the evidence was sufficient to support the trial court's classification of Appellant as a SVP.

In the instant case, both parties stipulated to Dr. Ziv's Report that thoroughly addressed all of the statutorily mandated factors. In the Report, Dr. Ziv concluded to a reasonable degree of professional certainty that Appellant suffers from a lifelong mental abnormality or personality disorder as defined in the statute, namely Unspecified Personality Disorder with Antisocial Traits, that Appellant's "behavior during the [i]nstant [o]ffense does represent or correspond to the legal conception of 'predatory,'" and that Appellant met the criteria set forth in the law for classification as a SVP. SOAB Report, 9/17/14, at 9-10.

Appellant argues that Dr. Ziv did not make a "competent diagnosis" because she determined that Appellant was suffering from an Unspecified Personality Disorder with Antisocial Features but used the DSM-V criteria for Antisocial Personality Disorder to justify this diagnosis. Appellant's Brief at 10, 20. Appellant specifically argues that Dr. Ziv made a diagnosis "without evidence of a conduct disorder prior to age fifteen as required by the DSM-V." Appellant's Brief at 20. This argument fails for several reasons.

First, the SVP statute "does not require proof of a standard of diagnosis that is commonly found and/or accepted in a mental health diagnostic paradigm." ***Commonwealth v. Dengler***, 890 A.2d 372, 383

(Pa. 2005). Rather, what is required is an analysis of the statutory factors. *Id.* Here, as required, Dr. Ziv analyzed all of the statutorily-mandated factors to determine that Appellant "suffers from a Mental Abnormality/Personality Disorder as defined in the Act." SOAB Report, 9/17/14, at 10. Appellant's argument that Dr. Ziv did not use a specific criteria "required by the DSM-V" is without merit.

Second, Dr. Ziv's expert opinion is itself evidence. *Meals*, *supra* at 223–24. And, "[t]o the extent [Appellant] felt that the expert's 'diagnosis' was not fully explained, did not square with accepted analyses of the disorder, or was simply erroneous, he certainly was free to introduce evidence to that effect and/or to argue to the factfinder that the Commonwealth's expert's conclusions should be discounted or ignored. But that argument would affect the weight, and not the sufficiency, of the expert's evidence." *Id.*

In this case, Appellant failed to cross-examine Dr. Ziv or introduce any contradictory evidence. The uncontroverted evidence presented to the trial court was an expert opinion that Appellant met the criteria for SVP. As such, the trial court had sufficient evidence to designate Appellant a SVP. *See Meals, supra* at 223-24 (citations and footnote omitted).

Appellant next avers that the trial court abused its discretion by giving too much weight to Dr. Ziv's Report and that the Report should have been

given little weight due to substantive inaccuracies and misrepresentations. Appellant's Brief at 4. We disagree.

This Court's standard of review of a weight of the evidence claim is for an abuse of discretion. ***Commonwealth v. Ratushny***, 17 A.3d 1269, 1272 (Pa. Super. 2011). Further, "it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record." ***Id.*** (citation and quotation omitted).

Here, the trial court opined:

Defense counsel argues that Dr. Ziv's report contained inaccuracies. These errors were corrected during the SVP hearing and brought to the trial court's attention. Both counsels stipulated to the use of Dr. Ziv's report. In addition, Dr. Ziv also indicated that the errors would not alter her analysis and determination that [Appellant] meets the criteria to be a SVP. Further, defense counsel argued that Dr. Ziv erred when she diagnosed [Appellant] with an Unspecified Personality Disorder, but used the criteria of Antisocial Personality Disorder from the DSM[-]V. The trial court finds Dr. Ziv's professional analysis to be accurate and credible. Further, her report concludes that [Appellant] met the criteria for Unspecified Personality Disorder with antisocial traits, negating defense counsel's argument that Dr. Ziv erred when she used the Antisocial Personality Disorder criteria. [Appellant]'s deviant sexual interest and personality disorder places him with an increased recidivism risk. In addition, a thorough review of the statutory factors supports the classification of [Appellant] as a SVP. Therefore, the trial court's designation of [Appellant] as a SVP was not against the weight of evidence.

Trial Court Opinion, filed 11/3/15, at 10-11 (footnote and internal citations omitted).  As the record supports the trial court's conclusions, we find no abuse of discretion.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2016