J-A05008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN CONSTANTINI | : | |
| | : | |
| Appellant | : | No. 133 WDA 2016 |

Appeal from the Judgment of Sentence December 22, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0001446-2015

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MARCH 06, 2017**

Appellant, Christian Constantini, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for simple assault, recklessly endangering another person, official oppression, and conspiracy.[1]  For the following reasons, we dismiss the above-captioned appeal as duplicative.

As a general rule, this Court has jurisdiction over final orders. **Commonwealth v. Rojas**, 874 A.2d 638 (Pa.Super. 2005).  "A direct appeal in a criminal proceeding lies from the judgment of sentence." **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008).  If a defendant in a

---

[1] 18 Pa.C.S.A. §§ 2701(a)(1), 2705, 5301(1), and 903, respectively.

criminal case files a timely post-sentence motion, the judgment of sentence does not become final for the purposes of an appeal until the trial court disposes of the motions or the motions are denied by operation of law. ***Commonwealth v. Borrero***, 692 A.2d 158, 160 (Pa.Super. 1997). The denial of a timely post-sentence motion is the triggering event for filing a notice of appeal. Pa.R.Crim.P. 720(A)(2). When an appellant files a notice of appeal before the trial court has ruled on the post-sentence motions, the judgment of sentence has not yet become "final," and any purported appeal is interlocutory and unreviewable. ***Borrero, supra***. The proper remedy would then be to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-sentence motions *nunc pro tunc*. ***Id.*** at 161. On the other hand, if the trial court denies an appellant's post-sentence motions while his appeal is pending, we will treat the premature notice of appeal "as having been filed after entry of [an] order denying post-sentence motions." ***See Commonwealth v. Ratushny***, 17 A.3d 1269, 1271 n. 4 (Pa.Super. 2011).

Instantly, the court sentenced Appellant on December 22, 2015, to an aggregate term of three years' probation. Appellant timely filed post-sentence motions on December 30, 2015. On January 21, 2016, Appellant filed a premature notice of appeal, before the court ruled on his post-sentence motions. The premature appeal was docketed at No. 133 WDA 2016. The court ordered Appellant on January 29, 2016, to file a concise

statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant filed it on February 18, 2016. While this appeal at No. 133 WDA 2016 was pending, Appellant's post-sentence motions were deemed denied by operation of law on April 29, 2016. Inexplicably, Appellant filed another notice of appeal which was docketed at No. 790 WDA 2016. The trial court again ordered and Appellant filed another Rule 1925(b) statement. Absent the second appeal, we could have related Appellant's premature notice of appeal at No. 133 WDA 2016 forward to April 29, 2016, the date his post-sentence motions were deemed denied by operation of law, in order to resolve any jurisdictional impediments. *See id.* As it stands, however, Appellant now has two appeals before this Court, one of which is duplicative. Appellant has briefed both appeals in an identical manner. Each appeal has a separate docket number and journal number. Accordingly, we will proceed with the appeal docketed at No. 790 WDA 2016 (J-A05010-17) and dismiss the above-captioned appeal docketed at No. 133 WDA 2016 (J-A05008-17) as duplicative.

Appeal dismissed as duplicative.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2017

- 3 -