J-A05029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NELLILOU & THOMAS MUIR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT P. HELLER AND CYNTHIA A. | : | |
| ERTLEY F/K/A CYNTHIA A. | : | |
| ZIMMERMAN, JARED ZIMMERMAN | : | No. 733 MDA 2021 |
| AND KIMBERLY LITZ | | |

Appellants

Appeal from the Order Entered May 7, 2021
In the Court of Common Pleas of Clinton County
Civil Division at No(s):  2019-00309

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY OLSON, J.:          **FILED:  APRIL 26, 2022**

I must respectfully dissent from the majority's decision to quash this appeal.  In accordance with our precedent, I believe we have jurisdiction over the appeal.  I would thus reach the merits of this appeal and would affirm the trial court's judgment.

At the outset, on a clean slate, I agree with the Majority's well-written and cogent analysis of this case:  since the post-trial motion was outstanding at the time the Appellants filed their notice of appeal – and the trial court thus had the opportunity to modify, vacate, or reverse its decision – the Appellants were required to file a separate notice of appeal after the trial court denied their post-trial motion.  **See** Majority Memorandum at *5.  Further, since the

_____

[*] Former Justice specially assigned to the Superior Court.

premature notice of appeal was not filed "after the announcement of a determination," quashal should be required under our rules. ***See id.***

However, I believe that the Majority's decision conflicts with this Court's published opinion in ***Commonwealth v. Ratushny***, 17 A.3d 1269 (Pa. Super. 2011). In that criminal case, we held:

> Appellant filed a timely post-sentence motion on September 28, 2009, thereby tolling the 30–day appeal period. However, before appellant's post-sentence motion was decided, and perhaps being unaware of the fact that the appeal period was being tolled, he filed a notice of appeal on Monday, October 19, 2009. Appellant's post-sentence motion was subsequently denied without a hearing on October 22, 2009. Under Pa.R.Crim.P. 720(A)(2), no direct appeal may be taken by a defendant while his post-sentence motion is still pending. ***See*** Comment, Pa.R.Crim.P. 720. However, pursuant to Pa.R.A.P. 905, we will treat appellant's premature notice of appeal as having been filed after entry of the order denying post-sentence motions.

***Ratushny***, 17 A.3d at 1271 n.4 (some citations omitted).

Although ***Ratushny*** is a criminal case, it appears to be on all fours with the case at bar. Therefore, even though I believe ***Ratushny*** was incorrectly decided (and the Majority's analysis in the case at bar is correct), I believe ***Ratushny*** is binding on us and that, under ***Ratushny***, we have jurisdiction to decide this case.

I would thus reach the merits of this appeal and would affirm based upon the trial court's well-reasoned opinion.