J-S85006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RAFAEL WILKINSON SMALLS | |
| Appellant | No. 100 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0004820-2014

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                **FILED FEBRUARY 13, 2017**

Appellant, Rafeal Wilkinson Smalls, appeals from the judgment of sentence entered after a jury convicted him of one count each of indecent assault – victim under 13, corruption of minors, and endangering the welfare of a child. At issue in this appeal is the admittedly murky procedural status of a sexually violent predator ("SVP") hearing pursuant to 42 Pa.C.S.A. § 9792. Pursuant to one line of our precedent, SVP determinations are collateral consequences to a judgment of sentence, but under a separate line are considered a component of the judgment of sentence. Smalls contends that this unique procedural status allows him to not only raise the effectiveness of his hearing counsel on direct appeal, but also a challenge to the weight of the evidence presented at the hearing, despite not raising the issue until his Rule 1925(b) statement of matters complained of on appeal.

After careful review, we conclude that Smalls is entitled to file post-sentence motions *nunc pro tunc*, and therefore vacate and remand for further proceedings.

After the jury convicted Smalls, the Commonwealth requested a SVP hearing. Smalls retained new counsel for the hearing. At the hearing, the Commonwealth presented the expert testimony of Jennifer Hahn, Ph.D., who opined that Smalls suffered from pedophilic personality disorder, and furthermore was likely to reoffend. Dr. Hahn therefore testified that Smalls qualified as an SVP under the statute.

Smalls presented the expert testimony of Frank M. Dattilio, Ph.D. Dr. Dattilio opined that Smalls suffered from histrionic personality disorder, not pedophilic personality disorder. As a result, Dr. Dattilio testified that Smalls was unlikely to reoffend, and therefore did not qualify as an SVP under the statute.

The trial court found that Smalls is a SVP and proceeded to impose sentence on the convictions. Counsel for Smalls did not file any post-sentence motions. Smalls subsequently retained new counsel for appellate purposes, and this timely appeal followed.

On appeal, Smalls raises three challenges, all concerning the trial court's conclusion that he is a SVP. We do not reach his challenge to the sufficiency of the evidence supporting the trial court's finding, as we conclude that Smalls is entitled to file post-sentence motions *nunc pro tunc*,

limited to the two other issues he has raised on appeal. In those two issues, he argues that the trial court's finding was against the weight of the evidence, and furthermore, that his counsel during the SVP hearing rendered ineffective assistance.

It is true, as both the trial court and the Commonwealth point out, that this Court has previously held that a failure to file post-sentence motions waives a challenge to the weight of the evidence supporting a finding that an appellant is a SVP. *See Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa. Super. 2011). The *Ratushny* panel relied upon precedent finding waiver where weight of the evidence claims challenging convictions and their subsequent judgments of sentence were not raised in post-sentence motions. *See id*., (citing *Commonwealth v. O'Bidos*, 849 A.2d 243, 252 (Pa. Super. 2004)).

The *O'Bidos* panel, in turn, relied upon our Rules of Criminal Procedure. Rule 607 requires a defendant to raise "a claim that the verdict was against the weight of the evidence" on the record in the trial court prior to the filing of an appeal. The *Ratushny* panel therefore implicitly held that an SVP determination was a criminal verdict.

However, this Court subsequently held, *en banc*, that "a challenge to the classification of the defendant as a SVP is not a challenge to the conviction or sentence." *Commonwealth v. Masker*, 34 A.3d 841, 843-844 (Pa. Super. 2011) (*en banc*). The *Masker* panel reached this conclusion by

referencing *Commonwealth v. Leidig*, 956 A.2d 399, 406 (Pa. 2008), in which our Supreme Court held that the consequences of a SVP determination are collateral, not direct, consequences of a conviction. *See Masker*, 34 A.3d at 844. As a result, the *Masker* panel held that challenges to any aspect of the imposition of SVP status are not cognizable under the Post Conviction Relief Act ("PCRA").

Additionally, this Court has held that SVP determinations do not modify judgments of sentence. *See Commonwealth v. Whanger*, 30 A.3d 1212, 1215 (Pa. Super. 2011) (Colville, J. with Bowes, J. concurring to address a jurisdictional argument raised in the dissent filed by Lazarus, J.). Despite this, this Court has consistently held that determination of SVP status is "a component of the judgment of sentence" in relevant cases. *Commonwealth v. Schrader*, 141 A.3d 558, 562 (Pa. Super. 2016) (citation omitted).

Thus, the exact procedural posture of SVP proceedings is ambiguous and arguably unique. In *Whanger*, Judge Bowes's concurring opinion highlights the unsettled nature of these proceedings.

> The *Harris* Court, however, found that SVP status, although collateral and not punishment, is part of the judgment of sentence. Therefore, an argument can be made that 42 Pa.C.S.A. § 5505 [providing that a court has only 30 days from entry in which to modify an order] is irrelevant, as the judgment of sentence was not finalized until the court entered the SVP order. Seemingly, if judgment of sentence is not final until the entry of the SVP order, then the dissent's jurisdictional position largely disappears. Assuming *arguendo* that judgment of sentence is final without regard to the SVP status determination,

a position with which the **Harris** Court expressly disagreed, the dissent's position still fails.[3]

> [3] Although the **Harris** Court determined that a judgment of sentence included the court's Megan's Law status determination, it did not conclude that the judgment of sentence was final after the assessment was completed and the Commonwealth notified the defendant that he would not be subject to the SVP requirements of Megan's Law. Rather, as noted above, it held that judgment of sentence was final ninety days after our Supreme Court remanded for the SOAB assessment. This consequently does not speak to the situation where a defendant is determined to be an SVP after sentencing. Therefore, **Harris** does not answer the question of when a defendant must appeal from his judgment of sentence in a situation such as the one presented herein, *i.e.*, within thirty days of sentencing when no post-sentence motion is filed, thirty days after the resolution of any timely post-sentence motion, or thirty days from the entry of the SVP order. The resolution to this query would seem to revolve around whether the SVP order renders the judgment of sentence final. For its part, the Commonwealth has noted this procedural anomaly, but declined to present substantive argument relative to when is the proper time to appeal.

30 A.3d at 1219 (Bowes, J. concurring).

Thus, it is true that imposition of SVP status does not constitute a conviction or sentence, but it is also true that the SVP determination is a component of a judgment of sentence. Discrepancies in the imposition of SVP status are not reviewable under the PCRA, but the Rules of Criminal Procedure are applicable, and the imposition of SVP status is reviewed on direct appeal from the judgment of sentence.

Citing to these unusual circumstances, Smalls argues that we should follow our Supreme Court's precedent as set forth in **In re J.B.**, 106 A.3d 76

(Pa. 2014). There, the Supreme Court addressed an ambiguity in post-disposition practice in juvenile delinquency cases. A juvenile had been adjudicated delinquent for murdering a pregnant woman and her unborn child. The juvenile did not file a post-dispositional motion, but alleged that the adjudications were against the weight of the evidence for the first time in his Rule 1925(b) statement.

The juvenile court did not find J.B.'s weight claim waived, and instead wrote an opinion explaining that it did not believe that the adjudications were against the weight of the evidence. On appeal to this Court, the Commonwealth argued that the weight argument was waived, since the juvenile had not presented it to the juvenile court in the first instance. This Court disagreed, and ultimately vacated the dispositional order, concluding that the juvenile court had palpably abused its discretion in entering a verdict that was "plainly contrary to the evidence."

The Commonwealth appealed to the Supreme Court of Pennsylvania. The Supreme Court responded to the Commonwealth's waiver argument by noting that "J.B. did, however, present his weight of the evidence claim to the juvenile court in his Pa.R.A.P. 1925(b) statement." *J.B.*, 106 A.3d at 96. The Court observed that "[t]he Juvenile Rules of Court Procedure do not, at present, specify how a juvenile who has been adjudicated delinquent must present a weight of the evidence claim to the juvenile court so that the claim is preserved for appellate review." *Id*. The Court also opined that the

absence of an "avenue of collateral relief for J.B. provides a stronger reason to decline to impose waiver." *Id*., at 98. As a result, the *J.B.* Court remanded the case to the juvenile court to allow J.B. to file a post-dispositional motion *nunc pro tunc*. *See id*., at 99.

Here, we are presented with a similar situation where our precedent has created ambiguity regarding when an appellant must present issues of weight and ineffective assistance of counsel to the trial court. The Commonwealth argues that Rule 607(A) requires waiver. As noted previously, however, Rule 607(A)'s reference to "the verdict" renders it inapplicable, under our precedent, to challenges concerning the imposition of SVP status. *Ratushny* was implicitly overruled by this Court's subsequent *en banc* decision in *Masker*.

Despite this, SVP findings, as this appeal demonstrates, are considered part and parcel of a judgment of sentence. However, similar to *J.B.*, there are no avenues of collateral relief available to appellants to otherwise vindicate their rights in SVP proceedings after a finding of waiver.

As such, we must agree with Smalls that *J.B.* requires a remand to provide him the ability to file post-sentence motions *nunc pro tunc* raising these issues with the trial court. We do not believe that the trial court's failure to address the weight claim in its opinion on appeal constitutes a dispositive distinction from *J.B.* We therefore remand the case to the trial court to allow Smalls the opportunity to file the appropriate post-sentence

motions *nunc pro tunc*. This decision does not affect any aspect of the judgment of sentence other than the imposition of SVP status.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2017