J-S92024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SIAM SHABAZZ YEISER | |
| Appellant | No. 712 WDA 2016 |

Appeal from the Judgment of Sentence April 4, 2016
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000200-2016

BEFORE:  SHOGAN, J., MOULTON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED MARCH 29, 2017**

Siam Shabazz Yeiser appeals from the April 4, 2016 judgment of sentence entered in the Clearfield County Court of Common Pleas following Yeiser's guilty plea to possession of contraband by an inmate (controlled substance).[1]  Because Yeiser filed a *pro se* Pennsylvania Rule of Appellate Procedure 1925(b) statement while counseled and the trial court acted on that statement without forwarding it to counsel of record, we remand this matter for the filing of a counseled Rule 1925(b) statement and a new Rule 1925(a) opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5123(a.2).

The trial court set forth the factual and procedural history of this matter as follows:

> The [aforementioned] charges were filed as a result of an incident that occurred on May 16, 2015 at the State Correctional Institution in Houtzdale wherein [Yeiser] was an inmate. It was alleged that at that time [Yeiser] was visiting with Jasmine Santos in the prison visiting room. Santos allegedly placed three small balloons containing marijuana into an M&M bag which was passed to [Yeiser]. [Yeiser] then swallowed the balloons. The circumstances were observed by security personnel at the prison and Yeiser was placed in a dry tank. Thereafter, [Yeiser]'s stool was searched and the three different colored balloons were confiscated. The Erie Crime Lab did an analysis and determined that the substance inside the balloons was marijuana, with a total weight of 2.98 grams.
>
> [Yeiser]'s preliminary hearing was scheduled for February 29, 2016, at which time he waived his case to court. [Yeiser] was represented by the Public Defender at the time of the preliminary hearing. A negotiated plea agreement and guilty plea colloquy document was filed with the record on March 7, 2016. [Yeiser] agreed to plead guilty to the Felony charge of Possession of Contraband/Inmate and receive a minimum period of 1 year and a maximum period of 2 years incarceration. The plea agreement provided that fines, costs, restitution and all other terms were up to the Court . . . . [Yeiser] appeared at sentencing court on April 4, 2016, along with his attorney. The only question at [the] time of sentencing was whether the Court would impose the 1-2 year period of incarceration concurrent or consecutive to the other periods of incarceration currently being served by [Yeiser]. Following argument by both the Commonwealth and the Defense, the Court sentenced [Yeiser] to a consecutive period of incarceration.

Opinion, 7/28/16, at 1-2 ("1925(a) Op.").

On April 13, 2016, Yeiser filed a *pro se* notice of appeal with the Commonwealth Court of Pennsylvania, and his counsel filed a post-sentence

motion for reconsideration of sentence with the trial court.[2]  On April 26, 2016, the Commonwealth Court transferred Yeiser's appeal to this Court.[3]  On May 3, 2016, the trial court denied Yeiser's post-sentence motion.  On May 25, 2016, after being notified by this Court of the pending appeal, the trial court ordered Yeiser to file a Rule 1925(b) statement.  On June 13, 2016, Yeiser filed a *pro se* Rule 1925(b) statement.  The record does not show that the trial court forwarded the *pro se* Rule 1925(b) statement to counsel of record.  On August 9, 2016, the trial court filed its Rule 1925(a) opinion.  On September 19, 2016, Yeiser's counsel filed an **Anders**[4] brief with this Court.  On September 20, 2016, counsel filed a petition to withdraw as counsel with this Court.  On October 5, 2016, Yeiser filed a *pro se* response to counsel's **Anders** brief and petition.

Prior to addressing the adequacy of counsel's petition to withdraw, **Anders** brief, and issues included therein, we must determine whether we

---

[2] Under Pennsylvania Rule of Criminal Procedure 720(A)(2), Yeiser should have waited to file his notice of appeal until the final disposition of his post-sentence motions, as "no direct appeal may be taken by a defendant while his post-sentence motion is still pending."  Pa.R.Crim.P. 720 cmt.  However, pursuant to Pennsylvania Rule of Appellate Procedure 905, we shall treat Yeiser's notice of appeal as filed after entry of the order denying his post-sentence motions.  **See Commonwealth v. Ratushny**, 17 A.3d 1269, 1271 n.4 (Pa.Super. 2011).

[3] Yeiser's *pro se* notice of appeal, while generally disfavored when an appellant is still counseled, was sufficient to initiate the instant appeal.  **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016).

[4] **Anders v. California**, 386 U.S. 738 (1967).

can review the issues raised in Yeiser's *pro se* Rule 1925(b) statement. Generally, we consider a *pro se* filing by a then-counseled appellant to be a legal nullity, as hybrid representation, except in limited situations, is prohibited. **Commonwealth v. Leatherby**, 116 A.3d 73, 78 (Pa.Super. 2015). This rule extends to *pro se* Rule 1925(b) statements filed by counseled appellants. **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) ("[A]ppellant was represented by counsel on appeal, so his *pro se* Rule 1925(b) statement was a legal nullity."). Thus, Yeiser's *pro se* Rule 1925(b) statement was a legal nullity and did not preserve his claims for review.[5]

We conclude, however, that the trial court erred by responding to the merits of the issues Yeiser raised in his *pro se* 1925(b) statement. By accepting this 1925(b) statement, the court allowed hybrid representation, which, as noted above, is prohibited. **See Commonwealth v. Jette**, 23 A.3d 1032, 1038-40 (Pa. 2011) (reiterating "that there is no constitutional right to hybrid representation either at trial or on appeal" and reaffirming

---

[5] The record does not show that the trial court served its order directing compliance with Rule 1925(b) on counsel of record. Beneath the Clerk of Courts' filing stamp on the Rule 1925(b) order is a notation of "cc: CA DA Deft." On other filings, such as the order denying Yeiser's post-sentence motion, the notation beneath shows "CA DA PO PD Deft.," indicating that the public defender, who represents Yeiser, was provided a copy of the post-sentence order. We conclude that if the trial court failed to provide counsel with a copy of this order, it would be an administrative breakdown. **See Leatherby**, 116 A.3d at 78-79 (declining to quash appeal where trial court failed to appoint new counsel for post-sentence motions and appellant was forced to file *pro se* motion to preserve his rights).

- 4 -

that our Supreme Court's "long-standing" ban on hybrid representation is intended to prevent confusion and overburdening of appellate courts).  The trial court should have docketed the filing and forwarded it to trial counsel, thus allowing trial counsel to review and amend the statement.[6]  ***See*** Pa.R.Crim.P. 576(A)(4).

We remand this case for counsel to file a Rule 1925(b) statement and the trial court to file a new Rule 1925(a) opinion.  Counsel shall file his Rule 1925(b) statement within 21 days of this memorandum, and the trial court shall file its Rule 1925(a) opinion within 30 days of receiving the Rule 1925(b) statement.[7]  Accordingly, counsel's petition to withdraw is denied without prejudice.  Should Yeiser disagree with his counsel's strategic choices, he may request a hearing pursuant to ***Commonwealth v. Grazier***,

_____

[6] The record shows that the Clerk of Courts mailed copies of Yeiser's *pro se* notice of appeal and the Commonwealth Court's order transferring the case to this Court to the public defender.

[7] Yeiser's counsel, in response to the trial court's Rule 1925(a) opinion, filed an ***Anders*** brief and petition to withdraw as counsel.  While we do not address the merits of the issues Yeiser asserted in his Rule 1925(b) statement, our review of the record suggests that the trial court did not conduct an oral colloquy of Yeiser before accepting his guilty plea.  Pennsylvania Rule of Criminal Procedure 590(B)(2) states that when the parties enter into a plea agreement, "[t]he judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea . . . is based."  Accordingly, it appears that Yeiser has raised at least one non-frivolous issue regarding the validity of his guilty plea, which should be addressed in an advocate's brief if appealed.

713 A.2d 81 (Pa. 1998), to determine whether he would like to waive his right to counsel and whether such waiver is knowing, intelligent, and voluntary. If, after consultation with counsel, Yeiser decides to withdraw the instant appeal, he may file a praecipe to discontinue in accordance with Pennsylvania Rule of Appellate Procedure 1973.

Case remanded with instructions. Panel jurisdiction retained.