**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON GUERRA | : | |
| | : | |
| Appellant | : | No. 423 EDA 2018 |

Appeal from the Judgment of Sentence June 24, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003037-2014

BEFORE: GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:                   **FILED AUGUST 19, 2019**

Appellant, Jason Guerra, appeals *nunc pro tunc* from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for one count each of rape, involuntary deviate sexual intercourse, unlawful contact with a minor, sexual assault, corruption of minors, simple assault, sexual exploitation of children, trafficking of persons, and 10 counts of promoting prostitution.[1] We affirm in part, vacate in part, and remand.

In its opinion, the trial court correctly set forth most of the relevant facts of this case. Therefore, we have no reason to restate them. We add that Appellant committed his offenses between November 2012 and May or June

_____

[1] 18 Pa.C.S.A. §§ 3121(a)(1); 3123(a)(1); 6318(a)(1); 3124.1; 6301(a)(1)(ii); 2701(a)(1); 6320(a); 3002(a); and 5902, respectively.

_____

\* Former Justice specially assigned to the Superior Court.

of 2013. Prior to the current offenses, in 2009, police arrested Appellant for an alleged assault, and recovered a laptop. Appellant did not request recovery of this laptop, and it remained in police custody. In 2014, police obtained a search warrant for Appellant's residence. Police executed the search on January 21, 2014, and recovered a second laptop, among other items.

On February 8, 2016, Appellant filed a motion to suppress evidence recovered from Appellant's laptops, cellphones, and computers based on an invalid search warrant. That same day, the court held a hearing where Appellant specified he was only arguing the invalidity of the 2014 search warrant. The court denied Appellant's motion to suppress at the conclusion of the hearing. On February 17, 2016, a jury convicted Appellant of 10 counts of promoting prostitution, 6 counts of various sexual offenses, and one count each of trafficking persons and simple assault. On June 24, 2016, the court sentenced Appellant to 48 to 96 years' imprisonment and informed Appellant of his obligation to register and report for life as a Tier III offender under the Sexual Offender Registration and Notification Act ("SORNA"). Appellant timely filed a post-sentence motion on July 1, 2016, which was denied by operation of law on October 31, 2016.

On July 18, 2017, Appellant timely filed a *pro se* petition pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. Appointed counsel filed an amended PCRA petition on October 24, 2017, which sought reinstatement of Appellant's post-sentence motion rights and direct appeal

rights *nunc pro tunc*. On January 4, 2018, the PCRA court entered an order reinstating Appellant's post-sentence motion and direct appeal rights *nunc pro tunc*. On Monday, January 15, 2018, Appellant timely filed a post-sentence motion *nunc pro tunc*. Appellant filed a premature notice of appeal on February 5, 2018. Appellant's post-sentence motion was denied by operation of law on May 16, 2018.[2] On June 13, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on July 5, 2018, and filed a supplemental Rule 1925(b) statement on October 11, 2018.

Appellant raises the following issues for our review:

> UNDER THE 4TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 8 OF THE PENNSYLVANIA CONSTITUTION, WAS THE JANUARY 20, 2014 SEARCH WARRANT FOR 7607 RUGBY ST. INVALID BECAUSE ITS AUTHORITY TO SEARCH WAS VAGUE AND OVERBROAD AS IT IS EVEN PHRASED IN A 'CATCH-ALL' FASHION STATING "ALL RECORDS OF THE BACKPAGE POSTINGS, PHOTOS, FINANCIAL RECORDS, ETC. ANY AND ALL CONTRABAND."?
>
> UNDER THE 4TH AND 14TH AMENDMENTS OF THE UNITED

---

[2] Appellant's notice of appeal relates forward to May 16, 2018, the date his post-sentence motion was denied by operation of law. Thus, there are no jurisdictional impediments to our review. ***See Commonwealth v. Borrero***, 692 A.2d 158 (Pa.Super. 1997) (explaining general rule that if defendant files timely post-sentence motion, judgment of sentence does not become final for purposes of appeal until trial court disposes of motion or motion is denied by operation of law). ***See also Commonwealth v. Ratushny***, 17 A.3d 1269, 1271 n.4 (Pa.Super. 2011) (explaining if court denies appellant's post-sentence motion following filing of premature notice of appeal, Superior Court will treat appellant's premature notice of appeal as having been filed after entry of order disposing of post-sentence motion).

STATES CONSTITUTION AND ARTICLE 1, SECTION 8 OF THE PENNSYLVANIA CONSTITUTION WAS THE TRIAL COURT'S AUTHORIZATION TO SEARCH THE 2009 LAPTOP/IPHONE VAGUE AND OVERBROAD?

(Appellant's Brief at 3-4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Diana Anhalt, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed February 14, 2019, at 7-15) (finding: **(1)** 2014 warrant and corresponding affidavit of probable cause supported probable cause to believe contraband or evidence of crime would be found within computers at 7607 Rugby Street in Philadelphia; affidavit of probable cause stated Victim and two additional witnesses, who worked as prostitutes for Appellant, noted Appellant would bring his laptop computer from his residence to hotel where he used it to post *BackPage* ads; warrant listed specific information that authorities sought from electronic devices in Appellant's home; warrant was sufficiently specific to allow authorities to seize and search those items; warrant included language limiting its scope and described equipment believed to have been instrumental to Appellant's suspected criminal acts of promoting prostitution and human trafficking; **(2)** Appellant did not object to manner of probable cause determination in February 8, 2016 motion or at hearing on that motion; on record, Appellant specifically excluded 2009 materials from February 2016 motion; when court asked if Appellant's

argument regarding February 2016 motion excluded 2009 materials, counsel replied, "That is correct"; at February 2016 hearing, counsel twice agreed on record to court finding probable cause for search of 2009 materials in lieu of search warrant, so Appellant waived any objection to search of 2009 materials; moreover, even if Appellant had preserved this issue for appeal, no relief would be due; court considered motion, heard argument from both parties, and found sufficient probable cause to search 2009 materials; Commonwealth presented evidence of statements of women, who had worked for Appellant as prostitutes, detailing Appellant's use of his laptop to post ads on *BackPage* and to keep expense information; information was enough to show fair probability that contraband or evidence of crime would be found on 2009 materials; 2009 materials were properly searched). The record supports the court's rationale. Accordingly, we affirm Appellant's issues based on the trial court opinion.

Nevertheless, we are mindful of recent case law calling into question the validity of Appellant's SORNA registration requirements. Thus, we elect to review the legality of Appellant's sentence *sua sponte*. **See Commonwealth v. Randal**, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining challenges to illegal sentence cannot be waived and may be raised by this Court *sua sponte*, assuming jurisdiction is proper; illegal sentence must be vacated).

> Our Supreme Court declared SORNA unconstitutional, to the extent it violates the *ex post facto* clauses of both the United States and Pennsylvania Constitutions. [**Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*,

___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018)]. The ***Muniz*** court determined SORNA's purpose was punitive in effect, despite the General Assembly's stated civil remedial purpose. SORNA also violates the *ex post facto* clause of the Pennsylvania Constitution because it places a unique burden on the right to reputation and undermines the finality of sentences by demanding more severe registration requirements. The effective date of SORNA, December 20, 2012, controls for purposes of an *ex post facto* analysis.

In light of ***Muniz***, this Court also held: "[U]nder ***Aprendi*** [***v. New Jersey***, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)] and ***Alleyne*** [***United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)] a factual finding, such as whether a defendant has a mental abnormality or personality disorder that makes him…likely to engage in predatory sexually violent offenses, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder." ***Butler, supra*** at 1217 (addressing SVP status *sua sponte* as illegal sentence) (internal quotations and citations omitted). ***See also Alleyne, supra*** (holding any fact that increases mandatory minimum sentence for crime is considered element of crime to be submitted to factfinder and found beyond reasonable doubt). This Court further held: "Section 9799.24(e)(3) of SORNA violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." ***Id.*** at 1218. The ***Butler*** Court concluded that trial courts can no longer designate convicted defendants as SVPs or hold SVP hearings, "until [the] General Assembly enacts a constitutional designation mechanism." ***Id.*** (vacating appellant's SVP status and remanding to trial court for sole purpose of issuing appropriate notice under 42 Pa.C.S.A. § 9799.23, governing reporting requirements for sex offenders, as to appellant's registration obligation).

Following ***Muniz*** and ***Butler***, the Pennsylvania General Assembly enacted legislation to amend SORNA. Act 10 amended several provisions of SORNA, and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10

amendments and reenacting several SORNA provisions, effective June 12, 2018. Through Act 10, as amended in Act 29, the General Assembly created Subchapter I, which addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012. Subchapter I contains less stringent reporting requirements than Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012.

***Commonwealth v. Alston***, 2019 PA Super 178, *2-*3 (filed June 6, 2019) (footnotes and some internal citations omitted). "[W]hen an appellant's offenses straddle the effective dates of Subchapters H and I of SORNA, he is entitled to the lower reporting requirements of Subchapter I, absent a specific finding of when the offenses related to the convictions actually occurred." ***Id.*** at *3.

Instantly, Appellant committed sexual offenses between November 2012 and May or June of 2013. A jury convicted Appellant of numerous sexual offenses but did not specifically find the dates when Appellant committed his offenses. Appellant's offenses straddled the operative dates for Subchapters H and I. Without a specific jury finding of when the offenses occurred, Appellant is entitled to the lower punishment. ***See id.*** Accordingly, we affirm in part and vacate in part regarding Appellant's SVP status/SORNA reporting requirements; we remand the case for the court to give Appellant proper registration and reporting requirements.

Judgment of sentence affirmed in part and vacated in part solely as to SVP status and SORNA reporting requirements; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/19/19</u>