J-S20035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD SERRANI | : | |
| | : | |
| Appellant | : | No. 1652 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 5, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001032-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD SERRANI | : | |
| | : | |
| Appellant | : | No. 1653 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 5, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001033-2023

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: JUNE 26, 2025**

Appellant, Leonard Serrani, appeals from the aggregate judgment of sentence of 10 years' probation, imposed after he pled *nolo contendere* to nine counts of indecent assault, 18 Pa.C.S. § 3126(a)(1), charged across two separate cases. On appeal, Appellant solely challenges the sufficiency and weight of the evidence to support the court's decision to designate him as a Sexually Violent Predator (SVP). After careful review, we affirm.

Briefly, Appellant's convictions stemmed from evidence that he used

> his business for waxing services … to facilitate his deviate sexual desires by going beyond the normal practices of his business, which included waxing … a client's vaginal and anal area[s].  The victims reported [that] Appellant touched their clitoris, massaged their breasts, [and] inserted a tongue depressor or finger into [their] vagina[s].

Trial Court Opinion (TCO), 12/18/24, at 3.

After Appellant pled *nolo contendere* to nine counts of indecent assault, he was sentenced on January 5, 2024, to the term of probation stated *supra*. After an assessment by the Sexual Offenders Assessment Board (SOAB), an SVP hearing was held on October 4, 2024.  On October 8, 2024, the court issued an order deeming Appellant to be an SVP.  On November 7, 2024, Appellant filed a notice of appeal in each of his two underlying cases.[1]

_____

[1] We note three issues regarding Appellant's notices of appeal.  First, both notices of appeal incorrectly state that the appeal is from the order deeming Appellant to be an SVP, rather than from his judgment of sentence.  **See Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa. Super. 2016) (holding that when a defendant waives a pre-sentence SVP determination, his judgment of sentence is not final until the SVP determination is rendered); **Commonwealth v. Harris**, 972 A.2d 1196, 1201 (Pa. Super. 2009) (noting that the imposition of SVP status is a component of a judgment of sentence, even though the ultimate collateral consequences are non-punitive).  We have corrected the caption accordingly.  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting caption when an appellant misstates from where the appeal lies).

Second, although Appellant's November 7, 2024 appeals from his January 5, 2024 judgments of sentence appear to be facially untimely, Appellant's judgments of sentence did not become final, for purposes of appeal, until the SVP determination was rendered on October 8, 2024.  **See Schrader**, 141 A.3d at 561-63.  Because Appellant filed his appeals within thirty days of the orders determining his SVP status, his appeals are timely.
*(Footnote Continued Next Page)*

The trial court thereafter ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. After granting Appellant an extension of time to file his concise statement, Appellant did so on December 9, 2024.[2] The trial court filed a Rule 1925(a) opinion on December 18, 2024.

_____

Third, because Appellant's November 7, 2024 notices of appeal listed both docket numbers of his underlying cases, they did not comply with ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when single order resolves issues arising on more than one lower court docket). In light of ***Commonwealth v. Young***, 280 A.3d 1049, 1057 (Pa. Super. 2022) (holding that, when there is a ***Walker*** defect in an appeal to which Pa.R.A.P. 902 applies, the court will permit the appellant to correct the defect, unless good cause is shown by the opposing party), this Court directed Appellant to file amended notices of appeal that complied with ***Walker***. Appellant filed those amended notices of appeal, and we then consolidated his two appeals *sua sponte*.

[2] On November 25, 2024, the court issued an order giving Appellant an extension of 10 days to file his concise statement, making it due on December 5, 2024. Thus, Appellant's statement, filed on December 9, 2024, was untimely. However, the court addressed Appellant's issues in its Rule 1925(a) opinion; thus, we decline to remand under Rule 1925(c)(3). ***See*** Pa.R.A.P. 1925(c)(3) ("If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did ***not*** file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.") (emphasis added); ***Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa. Super. 2009) (concluding that where an untimely Rule 1925(b) statement has been filed, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

- 3 -

Herein, Appellant states two issues for our review, which we reorder for ease of disposition:

1. Whether the trial court erred and/or committed an abuse of discretion finding [that Appellant] is a[n] … []SVP[] because the weight of the evidence presented by the Commonwealth at the SVP hearing [was] contrary to the court's finding [that Appellant] is a[n] … []SVP[?]

2. Whether the trial court erred in determining [Appellant is] a[n] … []SVP[], where the Commonwealth failed to prove by clear and convincing evidence that [Appellant] is a[n] … []SVP[]?

Appellant's Brief at 7 (unnecessary capitalization omitted).

First, we address Appellant's brief claim that the court's designating him as an SVP was contrary to the weight of the evidence presented at the SVP hearing. *See id.* at 20-21.[3] This Court has found that a challenge to the weight of the evidence to sustain an SVP determination is waived where the appellant does not "advance[] the issue in the court below, thereby affording the trial court the opportunity to rule on it." *Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa. Super. 2011). The *Ratushny* panel "discern[ed] no basis on which to distinguish our standard of review on weight claims, whether challenging the weight of the evidence to support a guilty verdict or a trial court's SVP determination." *Id.* Thus, we held that

---

[3] Although Appellant states this claim as a separate issue in his Statement of Questions Presented, he does not delineate it with any heading "in distinctive type or distinctively displayed" in the Argument section of his brief. Pa.R.A.P. 2119(f). We chastise Appellant for not complying with our Rules of Appellate Procedure.

a defendant must put the issue before the trial court in the first instance because:

> [I]t is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Id.* (quoting *Commonwealth v. Lyons*, 833 A.2d 245, 259 (Pa. Super. 2003) (citation omitted)). Because Ratushny had not raised any challenge to the weight of the evidence to support his SVP designation before the trial court, we deemed that issue waived. *Id.*

The same is true here. Appellant did not file any post-sentence motion challenging the weight of the evidence to sustain his designation as an SVP, and he does not identify where in the record that he preserved this issue before the trial court. *See* Pa.R.A.P. 2117(c) (directing that, "[w]here under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify: … [s]uch pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears (e.g. ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal"). The fact that Appellant raised his weight claim in his Rule 1925(b) statement, and the court addressed it in its opinion, is inadequate to preserve it for our review. *See Ratushny*, 17 A.3d at 1272 ("Nor does the fact [that Ratushny] raised the issue in his Rule 1925(b) statement and the trial court addressed it

in its Rule 1925(a) opinion preserve the issue for appeal.") (citation omitted).

Accordingly, Appellant's weight claim is waived.[4]

Appellant also challenges the sufficiency of the evidence to sustain the court's decision to designate Appellant as an SVP. We begin by noting that,

> [i]n order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

***Commonwealth v. Baker***, 24 A.3d 1006, 1033 (Pa. Super. 2011) (citation omitted).

In assessing Appellant's issue, we have reviewed his arguments, the record, and the applicable case law.[5] We have also considered the well-reasoned analysis set forth by the Honorable James P. Goodman of the Court

---

[4] We would also deem Appellant's weight claim waived based on his failure to meaningfully develop it on appeal. Appellant provides only five sentences in support of this issue, most of which discuss the legal precepts applicable to a weight challenge. He only baldly states, at the end of his argument and without any supporting discussion, that "the evidence [was] so lacking in substance and believability that the [c]ourt's [o]rder classifying [Appellant] as an SVP amounts to an abuse of discretion and/or a miscarriage of justice as to warrant a reversal of the [c]ourt's decision." Appellant's Brief at 20. This cursory and legally undeveloped argument is insufficient to allow us to meaningfully review Appellant's weight-of-the-evidence claim. Thus, we would deem it waived on this basis, as well.

[5] We note that, although the Commonwealth filed a brief in this case, it merely states that it is relying on the trial court's opinion. ***See*** Commonwealth's Brief at 2.

of Common Pleas of Schuylkill County.  **See** TCO at 1-5.  We conclude that Judge Goodman's thoughtful assessment adequately addresses the arguments raised by Appellant, and demonstrates that the evidence was sufficient to support Appellant's SVP designation.  Accordingly, we adopt Judge Goodman's decision as our own in affirming Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/26/2025