J-S20035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD SERRANI | : | |
| | : | |
| Appellant | : | No. 1652 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 5, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001032-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEONARD SERRANI | : | |
| | : | |
| Appellant | : | No. 1653 MDA 2024 |

Appeal from the Judgment of Sentence Entered January 5, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001033-2023

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: JUNE 26, 2025**

Appellant, Leonard Serrani, appeals from the aggregate judgment of sentence of 10 years' probation, imposed after he pled *nolo contendere* to nine counts of indecent assault, 18 Pa.C.S. § 3126(a)(1), charged across two separate cases. On appeal, Appellant solely challenges the sufficiency and weight of the evidence to support the court's decision to designate him as a Sexually Violent Predator (SVP). After careful review, we affirm.

Briefly, Appellant's convictions stemmed from evidence that he used

> his business for waxing services … to facilitate his deviate sexual desires by going beyond the normal practices of his business, which included waxing … a client's vaginal and anal area[s]. The victims reported [that] Appellant touched their clitoris, massaged their breasts, [and] inserted a tongue depressor or finger into [their] vagina[s].

Trial Court Opinion (TCO), 12/18/24, at 3.

After Appellant pled *nolo contendere* to nine counts of indecent assault, he was sentenced on January 5, 2024, to the term of probation stated *supra*. After an assessment by the Sexual Offenders Assessment Board (SOAB), an SVP hearing was held on October 4, 2024. On October 8, 2024, the court issued an order deeming Appellant to be an SVP. On November 7, 2024, Appellant filed a notice of appeal in each of his two underlying cases.[1]

---

[1] We note three issues regarding Appellant's notices of appeal. First, both notices of appeal incorrectly state that the appeal is from the order deeming Appellant to be an SVP, rather than from his judgment of sentence. **See Commonwealth v. Schrader**, 141 A.3d 558, 561 (Pa. Super. 2016) (holding that when a defendant waives a pre-sentence SVP determination, his judgment of sentence is not final until the SVP determination is rendered); **Commonwealth v. Harris**, 972 A.2d 1196, 1201 (Pa. Super. 2009) (noting that the imposition of SVP status is a component of a judgment of sentence, even though the ultimate collateral consequences are non-punitive). We have corrected the caption accordingly. **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting caption when an appellant misstates from where the appeal lies).

Second, although Appellant's November 7, 2024 appeals from his January 5, 2024 judgments of sentence appear to be facially untimely, Appellant's judgments of sentence did not become final, for purposes of appeal, until the SVP determination was rendered on October 8, 2024. **See Schrader**, 141 A.3d at 561-63. Because Appellant filed his appeals within thirty days of the orders determining his SVP status, his appeals are timely. *(Footnote Continued Next Page)*

The trial court thereafter ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. After granting Appellant an extension of time to file his concise statement, Appellant did so on December 9, 2024.[2] The trial court filed a Rule 1925(a) opinion on December 18, 2024.

_____

Third, because Appellant's November 7, 2024 notices of appeal listed both docket numbers of his underlying cases, they did not comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when single order resolves issues arising on more than one lower court docket). In light of **Commonwealth v. Young**, 280 A.3d 1049, 1057 (Pa. Super. 2022) (holding that, when there is a **Walker** defect in an appeal to which Pa.R.A.P. 902 applies, the court will permit the appellant to correct the defect, unless good cause is shown by the opposing party), this Court directed Appellant to file amended notices of appeal that complied with **Walker**. Appellant filed those amended notices of appeal, and we then consolidated his two appeals *sua sponte*.

[2] On November 25, 2024, the court issued an order giving Appellant an extension of 10 days to file his concise statement, making it due on December 5, 2024. Thus, Appellant's statement, filed on December 9, 2024, was untimely. However, the court addressed Appellant's issues in its Rule 1925(a) opinion; thus, we decline to remand under Rule 1925(c)(3). **See** Pa.R.A.P. 1925(c)(3) ("If an appellant represented by counsel in a criminal case was ordered to file and serve a Statement and either failed to do so, or untimely filed or served a Statement, such that the appellate court is convinced that counsel has been *per se* ineffective, and the trial court did **not** file an opinion, the appellate court may remand for appointment of new counsel, the filing or service of a Statement *nunc pro tunc*, and the preparation and filing of an opinion by the judge.") (emphasis added); **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (concluding that where an untimely Rule 1925(b) statement has been filed, "this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal").

Herein, Appellant states two issues for our review, which we reorder for ease of disposition:

1. Whether the trial court erred and/or committed an abuse of discretion finding [that Appellant] is a[n] … []SVP[] because the weight of the evidence presented by the Commonwealth at the SVP hearing [was] contrary to the court's finding [that Appellant] is a[n] … []SVP[?]

2. Whether the trial court erred in determining [Appellant is] a[n] … []SVP[], where the Commonwealth failed to prove by clear and convincing evidence that [Appellant] is a[n] … []SVP[]?

Appellant's Brief at 7 (unnecessary capitalization omitted).

First, we address Appellant's brief claim that the court's designating him as an SVP was contrary to the weight of the evidence presented at the SVP hearing. *See id.* at 20-21.[3] This Court has found that a challenge to the weight of the evidence to sustain an SVP determination is waived where the appellant does not "advance[] the issue in the court below, thereby affording the trial court the opportunity to rule on it." *Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa. Super. 2011). The *Ratushny* panel "discern[ed] no basis on which to distinguish our standard of review on weight claims, whether challenging the weight of the evidence to support a guilty verdict or a trial court's SVP determination." *Id.* Thus, we held that

---

[3] Although Appellant states this claim as a separate issue in his Statement of Questions Presented, he does not delineate it with any heading "in distinctive type or distinctively displayed" in the Argument section of his brief. Pa.R.A.P. 2119(f). We chastise Appellant for not complying with our Rules of Appellate Procedure.

a defendant must put the issue before the trial court in the first instance because:

> [I]t is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Id.* (quoting **Commonwealth v. Lyons**, 833 A.2d 245, 259 (Pa. Super. 2003) (citation omitted)). Because Ratushny had not raised any challenge to the weight of the evidence to support his SVP designation before the trial court, we deemed that issue waived. *Id.*

The same is true here. Appellant did not file any post-sentence motion challenging the weight of the evidence to sustain his designation as an SVP, and he does not identify where in the record that he preserved this issue before the trial court. **See** Pa.R.A.P. 2117(c) (directing that, "[w]here under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the statement of the case shall also specify: … [s]uch pertinent quotations of specific portions of the record, or summary thereof, with specific reference to the places in the record where the matter appears (e.g. ruling or exception thereto, etc.) as will show that the question was timely and properly raised below so as to preserve the question on appeal"). The fact that Appellant raised his weight claim in his Rule 1925(b) statement, and the court addressed it in its opinion, is inadequate to preserve it for our review. **See Ratushny**, 17 A.3d at 1272 ("Nor does the fact [that Ratushny] raised the issue in his Rule 1925(b) statement and the trial court addressed it

in its Rule 1925(a) opinion preserve the issue for appeal.") (citation omitted).

Accordingly, Appellant's weight claim is waived.[4]

Appellant also challenges the sufficiency of the evidence to sustain the court's decision to designate Appellant as an SVP. We begin by noting that,

> [i]n order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a[n SVP]. As with any sufficiency of the evidence claim, we view all evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Baker*, 24 A.3d 1006, 1033 (Pa. Super. 2011) (citation omitted).

In assessing Appellant's issue, we have reviewed his arguments, the record, and the applicable case law.[5] We have also considered the well-reasoned analysis set forth by the Honorable James P. Goodman of the Court

---

[4] We would also deem Appellant's weight claim waived based on his failure to meaningfully develop it on appeal. Appellant provides only five sentences in support of this issue, most of which discuss the legal precepts applicable to a weight challenge. He only baldly states, at the end of his argument and without any supporting discussion, that "the evidence [was] so lacking in substance and believability that the [c]ourt's [o]rder classifying [Appellant] as an SVP amounts to an abuse of discretion and/or a miscarriage of justice as to warrant a reversal of the [c]ourt's decision." Appellant's Brief at 20. This cursory and legally undeveloped argument is insufficient to allow us to meaningfully review Appellant's weight-of-the-evidence claim. Thus, we would deem it waived on this basis, as well.

[5] We note that, although the Commonwealth filed a brief in this case, it merely states that it is relying on the trial court's opinion. *See* Commonwealth's Brief at 2.

of Common Pleas of Schuylkill County.  **See** TCO at 1-5.  We conclude that Judge Goodman's thoughtful assessment adequately addresses the arguments raised by Appellant, and demonstrates that the evidence was sufficient to support Appellant's SVP designation.  Accordingly, we adopt Judge Goodman's decision as our own in affirming Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/26/2025

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY—CRIMINAL

COMMONWEALTH OF PENNSYLVANIA    :    NO. 1032-2023
            :          1033-2023

vs.            :

            :

LEONARD SERRANI,         :    1652 MDA 2024
        Defendant      :    1653 MDA 2024



Michael A. O'Pake, Esquire – for the Commonwealth
Robert J. Kirwan, II, Esquire – for the Defendant

## OPINION OF COURT PURSUANT TO Pa.R.A.P. 1925

GOODMAN, J.

Appellant, Leonard Serrani, has filed a Concise Statement of Matters Complained of on Appeal that raises two issues. Appellant pled no contest in these two criminal cases to nine counts of indecent assault without consent.[1] Afterwards, he was assessed by the Sexual Offenders Assessment Board ("SOAB") to determine whether he was a Sexually Violent Predator ("SVP"). A hearing was held on October 4, 2024, in which both sides presented experts to support their positions. Ultimately, this Court concluded that Appellant be classified as an SVP, as proposed by the SOAB.

Appellant first asserts that this Court erred in classifying him as an SVP because the Commonwealth failed to establish this classification by clear and convincing evidence. To find an individual should be classified as SVP, that individual must first be convicted of a sexually violent offense listed in 42 Pa. C.S. §9799.14.[2] The individual must then be determined to suffer

---

[1] 18 Pa. C.S. §3126(a)(1).
[2] There is no dispute that Appellant's convictions require an SVP assessment.

from a mental abnormality or personality disorder such that they are highly likely to engage in predatory sexually violent offenses. 42 Pa. C.S. §9799.12. "Predatory" is defined as an "act directed at a stranger or at a person with whom a relationship has been initiated, established, maintained or promoted, in whole or in part, in order to facilitate or support victimization." *Id.* After conviction but prior to sentencing, the SOAB assesses the individual to determine whether SVP classification is appropriate, analyzing the factors found in 42 Pa. C.S. §9799.24.

After the SOAB completes its assessment, the trial court must determine SVP status under the "clear and convicting evidence" standard. This standard is described as an "intermediate" test that is defined as evidence "so clear, direct, weighty, and convincing as to enable [the trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue." *Commonwealth v. Meals*, 590 Pa. 110, 120-21, 912 A.2d 213, 219 (2006), *citing Commonwealth v. Maldonado*, 576 Pa. 101, 838 A.2d 710 (2003). Once the trial court has made a determination on the matter, the appellate courts must construe the evidence in the light most favorable to the prevailing party. *Id.* at 126, 223.

The evidence presented by the Commonwealth was certainly sufficient to meet its burden of the clear and convincing standard. Paula B. Brust, MA, LPC, NCC, testified as the member of the SOAB who evaluated Appellant in these cases. Her report was submitted as an exhibit without objection. She did not have the opportunity to speak to Appellant, as he refused, but she reviewed the case file and investigation reports from the victims. Upon reviewing this information, she concluded that Appellant met the full criteria for other specified paraphilic disorder. This disorder is characterized by intense sexual arousal lasting six months or longer in which the person has engaged in sexual contact of nonconsenting persons. Ms. Brust testified that, as these incidents occurred over a span of three years between 2020 and 2023, his inability

2

to manage himself during this long period of time shows the strength of the paraphilic disorder. Therefore, Appellant met the first criteria for reaching the SVP status by suffering from a mental abnormality. Significantly, Appellant's expert, Frank M. Dattilio, Ph.D., also made this conclusion.

Ms. Brust also concluded that Appellant engaged in predatory behavior. Ms. Brust based this conclusion upon Appellant showing planning and intent by selecting numerous victims that came into his business for waxing services and then groomed them over a period of time and touched them in a non-consenting manner, under the guise of his business. Significantly, he used his business to facilitate his deviate sexual desires by going beyond the normal practices of his business, which included waxing the areas of a client's vaginal and anal area. The victims reported Appellant touched their clitoris, massaged their breasts, inserted a tongue depressor or finger into the vagina. At times, he would pressure the victim into these acts, such as massages that would require removing clothing and exposing breasts. His waxing business already required clients to be partially undressed and expecting their private areas to be touched in a certain way, and Appellant took advantage of having easily accessible victims that he could take advantage of through his professional relationship. Ms. Brust, by finding Appellant met both criteria, concluded that it was her opinion by a reasonable degree of professional certainty Appellant should be classified as SVP. Based upon Ms. Brust's testimony, the Commonwealth met its burden by clear and convincing evidence that Appellant should be classified as SVP.

Appellant's second issue on appeal is that this Court abused its discretion in determining he should be classified as an SVP because it is against the weight of the evidence. Appellate review of a weight of the evidence claim is limited to whether the trial judge's discretion was properly exercised. *Commonwealth v. Ratushny*, 17 A.3d 1269, 1272 (Pa. Super. Ct. 2011). The

3

weight to be accorded conflicting evidence is exclusively for the fact finder, and those findings will not be disrupted on appeal if supported by the record. *Id.*

Appellant does not specify why he believes the SVP determination went against the weight of the evidence. However, this Court certainly found Ms. Brust's testimony more credible than Appellant's expert. Appellant's expert, Dr. Dattilio, also concluded that Appellant must be found to have a mental abnormality, specifically, the specified paraphilic disorder. This conclusion was based upon the convictions themselves, and Dr. Dattilio testified that he had no choice but to meet that conclusion based upon the plea agreement. However, Dr. Dattilio did not conclude that Appellant engaged in predatory behavior. He testified, based upon his interviews with Appellant and some of the individuals close to him, that Appellant is more of a compulsive personality and a perfectionist. Dr. Dattilio testified that it was his belief that it was Appellant's perfectionism that caused him to enter the vaginal area of these victims on occasion because of his determination to be as thorough in his waxing as possible and not for sexual arousal.

The Court found this reasoning to be incredible and looking at the matter in a vacuum. Not only is it unbelievable to think that penetration of a vagina happened because of "perfectionism," there are numerous other aspects of Appellant's behavior that were criminal and predatory in nature other than penetration. Dr. Dattilio did not address any of the victim's other statements, such as the massaging, the touching of breasts, showing a waxing video in which he had an erection, and making inappropriate, sexually suggestive comments. These numerous other instances could not be labeled as misguided "perfectionism." Dr. Dattilio picked one single act, the accusation of penetration, to claim it was a matter of misguided perfectionism, and failed to address any of the other myriad of predatory behaviors of Appellant. For these reasons, this Court concluded Ms. Brust testified more credibly.

4

Furthermore, Ms. Brust aptly assessed Appellant's behaviors against the factors found in 42 Pa. C.S. §9979.24(b). Several of the factors contributed to her opinion, including the multitude of victims, which indicates a greater sexual deviancy, and using his business to facilitate his victimization of his clients. All of his victims were adults and able to consent, but none of them did. He groomed his clients by offering them additional services when in actuality his intent was to satisfy his sexual deviancies. Ms. Brust also determined that this is a lifelong disorder that may wax and wane. He is pre-disposed to reoffending due to his Other Specified Paraphilic Disorder. Appellant's Counsel tried to argue that without his waxing business and license, his supposed access to victims is gone and therefore, would hypothetically be less likely to re-offend. However, reoffending is but one factor. Regardless, just because the waxing business provided virtually unlimited potential victims, it does not erase his sexual deviancy and desire to attempt to reoffend.

Appellant's Counsel also argued at the time of the hearing that the SOAB does not have enough information to make this type of assessment by relying on potentially faulty police reports and not interviewing Appellant or his family and close friends. This is simply not required by the SOAB and Pennsylvania law, and Ms. Brust conducted her assessment in an appropriate manner.

While not all of the factors have been met, they are not meant to act as a checklist in which each factor weighs, either for or against, an SVP determination. *Meals*, 590 Pa. at 126, 912 A.2d at 222. Based upon the factors that are met, the severity of Appellant's actions with nine victims over a period of almost three years, this Court determined that the weight of the evidence favored the Commonwealth, and that the Commonwealth met their burden by clear and convincing evidence that Appellant should be classified as an SVP.